### LEVI v. COLUMBIA LIFE INS. CO.

*(Circuit Court, E. D. Missouri.  ——, 1880.)*

JURISDICTION—EXECUTION—JUDGMENT IN FEDERAL COURT—PROPERTY IN CUSTODY OF STATE COURT.—Where, under the "Insurance Act" of the state of Missouri, proceedings have been instituted in the state court against an insurance company, which finally result in the dissolution and administration of the affairs of that company, all intermediate proceedings must be finally disposed of in that tribunal, even though a valid and subsisting judgment was obtained in the federal court against the company pending such administration.

Motion for execution and order on receiver of an insurance company, dissolved under proceedings in a state court, for the payment of a judgment obtained against such insurance company pending said proceedings in the state court.

*Given Campbell,* for plaintiff.

*Pope & McGinness,* for defendant.

TREAT, J., *(orally.)* M. D. Lewis, public administrator, has filed his petition to have the judgment in favor of Levi revived; and notice thereof having been served on the receiver of the defendant, (dissolved,) the latter appeared, and, not objecting thereto, it was adjudged that said judgment be revived in the name of said administrator, Lewis. Thereupon a rule was entered upon said receiver to show cause why he should not pay the amount of said judgment, or why execution should not issue against the realty or assets of said dissolved corporation. To that rule said receiver has made an answer to the following effect, viz: That said corporation was a Missouri corporation; that on February 22, 1877, the superintendent of the insurance department filed in the proper state court a petition for the dissolution, etc., of said corporation;

that on February 23, 1877, a preliminary injunction was issued; that on August 7, 1877, Alexander was appointed temporary receiver, and that on October 17, 1877, said corporation was dissolved by a decree entered in said proceedings.

The other averments in the return pertain to what has been done under said decree towards winding up the affairs of said corporation, among which it is stated that plaintiff's attorney presented the demand in question for allowance by the referee as a preferred claim, etc.

The suit in this court, which ripened into a judgment, was brought after proceedings had been commenced in the state court to wind up the corporation named, and although judgment was rendered on plaintiff's demand, before the decree of dissolution was had, yet the decree operated to put *in custodia legis* of the state tribunals all the assets of the corporation, as existing on the day of petition, filed. Hence, the judgment of the plaintiff, though valid and subsisting, must be treated like any other demand duly proved, subject to be allowed as such, on presentation to the referee in the state court. This court cannot interfere with the jurisdiction and proceedings of the state court and its officers, who are duly administering the assets of said dissolved corporation.

It may be very difficult to reconcile the several decisions of the United States supreme court concerning such questions, especially in the light of the two cases of *Payne* v. *Hook*; yet the current of its rulings, and the general principle to be applied, is clear, viz.: that whatever court first obtains jurisdiction of the *res*, or assets of a defendant, must proceed therewith uninterrupted by any other tribunal. Were this not so unseemly conflicts and constant discord would result.

The question raised here is not a new one. Twenty odd years ago the circuit and district courts of the United States had to meet the question, and they determined with general uniformity that where the *res* or property was in the custody or possession of the state tribunals they could not be interfered with. Hence, some twenty-five years ago, cases went up from Michigan and Pennsylvania, in which that question was presented to the supreme court of the United States.

After argument a reargument was ordered, which ripened into judgment in the case of *Taylor* v. *Carryl*, 20 How. 583. The result was this ruling: That, considering the peculiar character of our government, whatever rightful jurisdiction first obtained custody of these matters, it must, without interruption by other courts, be permitted to proceed.

For instance, in a case of admiralty, when under the various state laws, by attachment or otherwise, the *res* was in the custody of the state authorities, and a warrant is issued in admiralty, where there is exclusive jurisdiction as to some matters, (a stronger case than Mr. Campbell's,) what shall be done with that process? Shall a United States court undertake to take the *res* out of the custody of the state officers? No. So said this court and the supreme court, after reargument. And the state court accordingly proceeded with the matter. If, subsequent thereto, the rights of the parties having been duly considered, a libellant comes, having a prior lien, and pursues the property in the hands of the purchaser, his lien will be recognized and enforced. So stands the body of the admiralty law up to this hour.

Now, *vice versa*, suppose there was a receiver of this court in the custody and administration of certain affairs, and the state courts attempted to interfere with such administration, this court would repel any such interference, and any person who, despite the lawful custody of the officers of this court, should attempt to interfere with such administration, would be in contempt. But, waiving that whether they would or would not, this court would insist upon its officers administering the estate in due form. On the other hand, if the state court is lawfully in possession of these matters it must go on in its course without interference. They are independent jurisdictions for the respective purposes.

With these ancillary matters stated, you may present your demand for and pursue the remedies in one or the other tribunals as you please. Further, take the case in hand. There is an act to be examined—the insurance act of this state. I have examined a copy of the insurance laws with reference to the force and effect of the act. In a few words it is this:

Under the particular laws of the state, under certain circumstances, the state courts should pass preliminarily on certain matters, which might ultimately ripen into a decree for settlement of all the affairs relating to a certain matter or company. Now, if federal courts or state courts elsewhere may proceed by their judgments to strike through such a settlement, which is intended for the equal distribution of all the assets of the company, the settlement may be ultimately destroyed.

Such a state of facts would defeat the very purposes of the statute. It would result in a race of diligence, whereby, through a particular jurisdiction—it may be the state or federal courts, from one end of the Union to the other—priorities may be obtained, and the intention that the assets in the hands of the receiver for the purpose of equal distribution, among all of the demands against the company, be entirely defeated. Consequently, when proceedings are instituted under the insurance act of the state, with regard to a Missouri corporation, the whole matter passes into the jurisdiction and cognizance of the state court, and whatever occurs subsequently thereto, with regard to such administration, must pursue such course as the court having custody thereof may determine as right and proper. If an error is committed the ordinary course must be pursued.

Hence, without going further back than the case of *Taylor* v. *Carryl*, down to the present hour, with the exceptions of the two cases of *Payne* v. *Hook*, 7 Wall. 425; 14 Wall. 252, there has been an unbroken current of authority that a federal court shall not interfere with the administration of affairs lawfully in the custody and jurisdiction of a state court. *Vice versa*, no state court can interfere with the custody and administration of the *res* which a federal court has lawfully in custody. Neither the one nor the other shall interfere with the respective officers, to-wit: this court will not tolerate interference with a receiver appointed by it; and, on the other hand, will not interfere with a receiver appointed by a state court. Thus harmony is wrought in the administra-

tion of affairs. If there should be a question arising after the administration on the one hand of the state or federal tribunals, through its receiver, not coupled with or growing out of the administration of the law through the respective courts pertaining to the conduct of its officers, such subsequent question might be considered; but not pending the litigation.

Hence it should be understood that the naked and broad proposition is decided by this court in this particular case, that where, under the state insurance act, proceedings have been instituted against a company which finally ripen into the administration of the affairs of that company, all intermediate proceedings must be finally disposed of in that tribunal, even though a judgment were rendered here pending the administration. In this case judgment was rendered. It stands as a valid and subsisting judgment, subject, however, in its order of distribution, to the rules pertaining to the administration of these affairs under the insurance act of the state.

Suppose, under the insurance law, the case against this company had been finally dismissed in the state court, this plaintiff would then have had his lien according to its order of priority. But he took his judgment subject to the determination of the state court, whether it should render a final decree of dissolution relating back to the date of the proceedings. Consequently the proceedings here are not void; it is a valid judgment, to await its order in that court like any other judgment. If this is understood, that is all of this case. In other words, having entered of record the revival of this matter in the name of Lewis, administrator, the petition is dismissed as to all other matters, and the party remitted to his proceedings in the state court, so far as this case is concerned.

Now, a few words should be said with regard to the two cases of *Payne* v. *Hook, supra.* In the second case the supreme court of the United States, without expressly saying that it had overruled itself with regard to the matters involved in those cases, practically did so. Mr. Campbell called the atten-

tion of the court to that matter. The case was a peculiar one. This court was reversed, but the reason for the reversal, if it becomes this court to make any comments, are not satisfactory. Suffice it, however, that there was a reversal of the judgment. This court pursued the mandate of the supreme court in letter and spirit, and then the case went up a second time and that court shifted its ground. Hence, whether the case of *Payne* v. *Hook* is authority for anything is a question.

The principle involved was simply this: One of many distributees of an estate, before final settlement or determination of the affairs of the estate in the proper tribunal, to wit, a probate court, filed a bill in this court against the administrator and his sureties, among other things, to charge him with the amount that would come to her, as distributee, on a final settlement and determination of the questions which were properly to be determined by the probate court. This court held that it could not be done. The supreme court said it could be done, because this particular distributee was a resident of a state other than the state of Missouri. Now if that could be done in the case of a distributee, why could it not be done in the case of a creditor, and what would become of the probate administrations throughout the Union? If there happened to be a non-resident creditor or distributee who chose to proceed in a federal tribunal, then there would be brought into the federal courts the administration of every such estate from one end of the Union to the other, and the probate laws would become of no force.

The supreme court said: "Under the federal constitution laws have been passed that where there are citizens of different states the matter may be adjudicated in the federal courts, whether probate administration is involved or not. It is the duty of the courts, accordingly, to pass upon the matter, and render judgment." Another question was presented, namely: There was a defect of parties; only a part of the distributees, not all, was before the court; hence, in the opinion of this court, the ground was taken as to the defect of the parties in favor of the demurrer. The supreme

court took a different view. Suppose, as was held by this court, that one distributee, and there may be a large number, comes in and takes out of the administration of the probate court the settlement of all of the affairs pertaining to a particular estate, and it is determined by a proceeding in this court that he is entitled to a given sum of money, as remaining after payment of all the lawful demands against the estate, a *pro rata* of which belongs to the particular party. The next day another distributee comes in, and so on, *ad infinitum*. He is not a party to the original proceeding; he is an entirely different party, *res inter alios acta*. The supreme court said, in the first case of *Payne* v. *Hook*: Very well; judgment having been rendered for an accounting in one case, the other distributees may come in by a supplemental proceeding and become parties thereto, whereby, on final determination and settlement, the gross amount subject to distribution may be determined and then divided. This court pursued that course under the mandate of the supreme court. The other distributees came in in a supplemental way. Objections were interposed, and the matter again went to the supreme court, and they then said that was entirely wrong; it could not be done.

It may be considered that the two cases of *Payne* v. *Hook* decide nothing. They are not in accord with each other, nor with the uniform rulings of the supreme court of the United States theretofore. Hence the broad principle remains—under the constitution and laws of the country, and of the rulings of the supreme court of the United States in connection therewith—that whatever tribunal, state or federal, lawfully has possession of the *res* of an estate it shall proceed to the full administration thereof, without interference by another tribunal. The state courts are not bound to accept any orders of the federal courts in regard to their mode of determining matters rightfully before them; just as this court would repel any interference by the state courts with the *res* or an estate in its custody. It must suffice, therefore, that the motion for execution and an order on the receiver of the state court must be denied.

The plaintiff can take such action on his judgment, for the allowance of the same by the state court, as he may be advised.