## FISCHER, COMMISSIONER OF INSURANCE OF IOWA, RECEIVER, *v.* AMERICAN UNITED LIFE INSURANCE CO. ET AL.

No. 91.  Argued December 18, 1941.—Decided January 5, 1942.

*Messrs. Willis J. O'Brien* and *John N. Hughes, Jr.,* with whom *Mr. John N. Hughes* was on the brief, for petitioner.

*Mr. Clayton F. Jennings,* with whom *Mr. Edmund C. Shields* was on the brief, for John G. Emery, Commissioner of Insurance of Michigan, respondent.

*Mr. John M. Scott,* with whom *Messrs. H. T. McGown* and *B. E. Godfrey* were on the brief, for Dan E. Lydick, Texas receiver; and *Mr. Robert A. Adams* for the American United Life Ins. Co., respondents.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

The question presented by this case is whether the United States District Court for the Southern District of Iowa had jurisdiction to determine a dispute between the Iowa receiver of American Life Insurance Co., on the one hand, and the Michigan and Texas receivers, on the other,[1] as respects the title to, and the right to administer, certain assets of the company in the possession of the Iowa receiver. The District Court held that it had jurisdiction over the controversy; and it made a determination of the issues on the merits. The Circuit Court of Appeals, one judge dissenting, reversed, 117 F. 2d 811, holding that, in light of such cases as *Lion Bonding & Surety Co.* v. *Karatz,* 262 U. S. 77, the suit in the District Court could not be maintained and that the bill should be dismissed "for want of jurisdiction." We granted the petition for certiorari because an application of the principles underlying *United States* v. *Klein,* 303 U. S. 276, and *Commonwealth Trust Co.* v. *Bradford,* 297 U. S. 613, which were disregarded by the court below, would probably lead to a different result.

The Iowa receiver brought the suit pursuant to the authority and direction of the Iowa court. It is based upon diversity of citizenship (Judicial Code, § 24, 28 U. S. C. § 41) and seeks to enforce against nonresident defendants, as authorized by § 57 of the Judicial Code,

---

[1] The Iowa receiver also sought relief against respondent American United Life Insurance Co. which, after institution of the receivership proceedings and the appointment of receivers for American Life Insurance Co., entered into a written agreement for the reinsurance of the business of American Life Insurance Co. and issued a certificate of assumption for all insurance policies outstanding of American Life Insurance Co. We mention the fact without more, because the presence of that respondent is not material to the jurisdictional aspects of the case with which we are here solely concerned.

28 U. S. C. § 118, a "legal or equitable lien upon or claim to" personal property within the district where the suit is brought and to remove an "incumbrance or lien or cloud upon the title" to such property. The bill in substance alleged and the District Court found that the Iowa receiver was in possession of securities of a face amount in excess of $3,000,000; that those securities had been deposited with the Insurance Commissioner of Iowa, pursuant to statutes of Iowa and certain reinsurance agreements between American Life Insurance Co. and its Iowa predecessor, for protection of the policy holders of the latter company on its insolvency; that Iowa had title to those funds and the Iowa receiver had the sole and exclusive right to administer them. The District Court held that although the action was *in rem* it had not only jurisdiction over the subject matter but also over the defendants, since they all answered, and since two of them filed counterclaims asking that the securities in possession of the Iowa receiver be delivered to them, and since the other asked for general equitable relief. Accordingly, it ordered, *inter alia*, that the Michigan and Texas receivers account for certain collections [2] which they had made on the securities in the Iowa fund; that they deliver to the Iowa receiver certain records pertaining to those securities; that the Michigan receiver deliver to the Iowa receiver certain records pertaining to the policies protected by that fund; and that the Michigan and Texas receivers be enjoined from making collections on those securities and from interfering in any way with the Iowa receiver's administration of them.

---

[2] The Michigan receiver had been collecting in Michigan, and the Texas receiver in Texas, principal and income on the securities deposited in Iowa, from obligors residing in their respective states. Certain remittances have been made by the Michigan receiver to the Iowa receiver pursuant to an agreement between them. The Texas receiver holds the amounts collected in Texas.

We express no opinion on the merits of the controversy. Nor do we pass on the contention that *Ladew* v. *Tennessee Copper Co.*, 218 U. S. 357, prevents the entry of an *in personam* judgment in the circumstances of this case. For the sole question passed upon by the court below was the power and propriety of the action of the District Court in taking jurisdiction of the cause under § 57 of the Judicial Code.

It is immaterial to this inquiry whether the Michigan receiver acquired no interest in or power over assets outside of Michigan (*Booth* v. *Clark*, 17 How. 322), or, as held by the court below, was the statutory successor under Michigan law of American Life Insurance Co. and as such had title to all of its assets wherever situated. *Relfe* v. *Rundle*, 103 U. S. 222, 225; *Clark* v. *Williard*, 292 U. S. 112, 120. Cf. *Converse* v. *Hamilton*, 224 U. S. 243. Even though the latter were true, claimants entitled to the benefits of the fund in Iowa might pursue their suits and remedies against it in derogation of the claim of the Michigan receiver, if that were Iowa's policy. *Clark* v. *Williard*, 294 U. S. 211. That is the asserted Iowa policy here. The Iowa receiver is in possession of the securities in question. He seeks, with the approval of the Iowa court, an authoritative determination by the federal court of the question whether under Iowa law those securities and the collections thereon should not be held for the special class of claimants for whom the fund was allegedly established. The federal court has the power to resolve the controversy. And there is no consideration of judicial administration, based on appropriate deference to the state courts, why it should not exercise it.

*Lion Bonding & Surety Co.* v. *Karatz, supra*, does not stand in the way. There the federal court, through its receivers, assumed command over property which was in the possession of the state court. That action was taken in violation of the well-settled principle (pp. 88–89) that

"Where a court of competent jurisdiction has, by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts." Such possession of the *res* by the state court disenabled the federal court from exercising any control over it. But a determination of the issues in this controversy does not necessarily involve a disturbance of the possession or control of the Michigan and Texas courts over the property in their possession. It would indeed have no such necessary consequence even though the securities in question were in their possession. As held in *United States* v. *Klein, supra,* p. 281, a state court may properly adjudicate rights in property in possession of a federal court [3] and render any judgment "not in conflict with that court's authority to decide questions within its jurisdiction and to make effective such decisions by its control of the property." And see *Riehle* v. *Margolies,* 279 U. S. 218, 224–226. The same procedure may be followed by a federal court with respect to property in the possession of a state court. *General Baking Co.* v. *Harr,* 300 U. S. 433; *Commonwealth Trust Co.* v. *Bradford, supra,* 297 U. S. 613; *Waterman* v. *Canal-Louisiana Bank & Trust Co.,* 215 U. S. 33; *Ingersoll* v. *Coram,* 211 U. S. 335; *Byers* v. *McAuley,* 149 U. S. 608, 620. The appropriate exercise of the discretion of a federal court of equity may require it to refuse even to adjudicate rights in specific property if the state court has already undertaken such a determination. *Kelleam* v. *Maryland Casualty Co.,* 312 U. S. 377, 382. Furthermore, the federal court may not "seize and control the property which is in the possession of the state court" nor interfere with the state court or its functions. *Waterman* v. *Canal-Louisiana Bank & Trust Co., supra,* pp. 44, 45; *Princess Lida* v. *Thompson,* 305 U. S. 456. Short of that, how-

[3] As to bankruptcy, see *Isaacs* v. *Hobbs Tie & Timber Co.,* 282 U. S. 734; *Straton* v. *New,* 283 U. S. 318.

ever, the federal court may go. Cf. *Oakes* v. *Lake,* 290 U. S. 59.

Tested by those standards, assumption of jurisdiction by the federal court was wholly proper. A determination by it of the rights of the parties in the *res* could be had "with proper regard for the rightful independence of state governments in carrying out their domestic policy" (*Pennsylvania* v. *Williams,* 294 U. S. 176, 185) and in full recognition of the necessity for "harmonious coöperation of federal and state tribunals." *Princess Lida* v. *Thompson, supra,* p. 466. We repeat that neither Michigan nor Texas is entitled to the securities if such a disposition of them would contravene Iowa law. A determination of the nature and the extent of the rights of Iowa, and its receiver, in the securities clearly would not constitute an interference with the jurisdiction of the Michigan and Texas courts. For even if those courts were in possession of the fund, their jurisdiction would not be so exclusive as to bar an adjudication by the federal court of the rights of a claimant to the *res* or the quantum of his interest in it. *United States* v. *Klein, supra.* It follows *a fortiori* that where, as here, they are not in possession of the *res,* such a decree of the federal court is proper. Though binding on the parties, both as respects their rights to the fund and the collections thereon, it is not disruptive of orderly administration by the state courts nor conducive to unseemly collisions between the state and federal authorities. For, unlike the situation in *Kelleam* v. *Maryland Casualty Co., supra,* the state court which has command over the *res* has not only not undertaken an adjudication of the controversy; it has referred the matter to the federal court.

Whether the scope of the decree entered by the District Court was proper we do not decide. We only hold that the District Court had jurisdiction to resolve the controversy under § 57 of the Judicial Code. The Circuit Court of Appeals should have decided what rights, under Iowa

law, Iowa and its receiver had to the securities and the collections thereon, and whether the decree entered by the District Court was kept within the appropriate limits. Since the Circuit Court of Appeals did not decide those questions, we reverse its judgment and remand the cause to it for further proceedings in conformity with this opinion.

*Reversed.*

MR. JUSTICE ROBERTS did not participate in the decision of this case.