**LYDICK v. FISCHER et al.**

No. 9671.

Circuit Court of Appeals, Fifth Circuit.

May 24, 1943.

Rehearing Denied June 29, 1943.

B. E. Godfrey and John M. Scott, both of Fort Worth, Tex., for appellant.

Ogden K. Shannon, of Fort Worth, Tex., Clayton F. Jennings, of Lansing, Mich., and John N. Hughes, Jr., and Willis J. O'Brien, both of Des Moines, Iowa, for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The questions necessary to be decided are 1. Is there a final judgment which this court has jurisdiction to review? 2. Was that judgment, given against appellant, correct? 3. Was the cause properly removed from the State Court to the District Court?

The case concerns the assets of American Life Insurance Company, a corporation of Michigan, which became insolvent, and whose affairs went into the hands of John G. Emery as Commissioner of Insurance

of the State of Michigan on court proceedings filed April 12, 1938, he being appointed statutory receiver of all its assets on June 7, 1938. On June 17, 1938, the Insurance Commissioner of the State of Iowa was appointed temporary receiver of the assets deposited with him, largely loan notes secured by mortgages on land in Iowa and Texas, pledged for the security of policies issued in Iowa; and his successor as Commissioner, Charles R. Fischer, was appointed statutory receiver thereof on Oct. 28, 1939. On May 29, 1938, Thomas H. Miller, a citizen of Michigan, as holder of a policy having a cash surrender value, filed a creditors' bill for himself and others similarly situated in the State Court of Tarrant County, Texas, against American Life Insurance Company as an insolvent, praying for a receiver for and an administration of assets in the jurisdiction of the Court for the benefit of those entitled, and for judgment on his policy. Grover C. Spillers, a holder of a similar policy, intervened as a petitioner. On July 29, 1938, the Court, finding there were many policy holders in Texas and large assets there, and a necessity for a receivership notwithstanding the domiciliary receivership in Michigan, appointed Dan E. Lydick receiver "of the Texas estate of American Life Insurance Company and of all its Texas assets, real and personal, including choses in action, notes, bonds, deeds of trust, cash in all banks within the State of Texas and all other items of property, both real, personal or mixed, of any kind or character whatever situated within the State of Texas", with a general power to take possession, to collect and to bring suits, and hold the proceeds subject to the order of the Court. Judgment was also rendered in favor of Miller and Spiller on their policies. Lydick as receiver later filed a detailed report of the property he had taken charge of, including in it several millions of dollars of notes secured by Texas lands, but stating he did not have the notes and mortgages in his possession. These papers were in fact mostly in the hands of the Michigan and Iowa statutory receivers, who claimed title to them.

On September 28, 1939, Lydick as receiver, without any special authority from his Court, filed in the court of his appointment the petition here involved. It is entitled in the receivership cause, is addressed to the Court, recites his appoint-ment as receiver and his taking possession of the assets and annexes his inventory "Marked Exhibit A, and hereto attached and made a part hereof for all purposes". It alleges that the Michigan and Iowa receivers each are claiming some character of right, title or interest in some or all of the assets described in Exhibit A; that it would be to the best interest of the estate and all persons at interest to have these claims defined and established by order of the Court. The prayer is for a citation against the Michigan and Iowa receivers, and in their official capacities as Commissioners of Insurance, requiring each to appear and assert whatever right, title or interests he claims, and that the petitioner be decreed to hold all the assets in his possession free of all such claims. The clerk thereupon issued citations as prayed, and they were personally served in Michigan and Iowa by a disinterested person pursuant to Articles 2037 and 2038, Revised Civil Statutes of Texas, relating to the service of nonresident defendants. The two defendants joined in a petition to remove the suit brought by Lydick as receiver, on the ground of diversity of citizenship with a sum of more than $3,000 involved. Thereupon the State court judge on Nov. 24, 1939, approved the tendered bond, ordered "the suit filed in this cause by Dan E. Lydick, Receiver, against Charles R. Fischer, Commissioner, and John G. Emery, Commissioner * * * to be removed to the District Court of the United States * * * and that all other proceedings of this Court be stayed". The district judge denied a motion to remand. The Michigan receiver then answered, claiming title as statutory successor to the American Life Insurance Company to all its assets. Fischer, the Iowa Receiver, appeared specially to plead that neither the State nor district court had acquired any jurisdiction over his person in Texas, and that specified notes and securities claimed by Lydick, Receiver, had, long before any of the receiverships and at all times since, been in the State of Iowa deposited with the Insurance Commissioner under the laws of Iowa and there was no possession of or jurisdiction over them in the courts in Texas; and he moved that as to said deposited securities the suit of Lydick, Receiver, and the cross claim of Emery, Commissioner, be dismissed for want of jurisdiction. The district judge heard evidence on this motion and sustained it. Lydick, Receiver, then appealed.

**1.** Was this an appealable judgment? We so hold. It did not decide the whole case, for it is still pending as to all the assets which Lydick, Receiver, claims to hold, except the million or more dollars of securities deposited in Iowa. These, however, have a separate status, as Lydick's petition discloses. While the petition asserts generally his possession of all the assets, the exhibit is made a part of the petition for all purposes, and the exhibit says as to these securities: "In connection with the list of foregoing assets your Receiver would respectfully show the Court that none of the notes listed above are physically in the possession of your Receiver. Your Receiver understands and believes that the evidences of said indebtedness described above are without the State of Texas * * * but he believes as a matter of law the situs of the debts is in the State of Texas." His claim to control these debts is plainly a different claim from that he makes to the property physically in Texas. The Iowa receiver by his pleading further separates the claim as to the Iowa held notes. The district judge could under Rules of Civil Procedure 42(b), and 54 (b), 28 U.S.C.A. following section 723c, render a separate judgment on this distinct claim. The last cited rule says: "The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims." We think the judgment is final as to this separate claim to the secured notes held in Iowa. There is no reason why a review of it should await a determination of the claims to other assets by Emery, Commissioner, or by Fischer, if he claims any other. Nothing that can happen hereafter can alter the disposition made of this claim. The judgment is presently appealable.

**2.** It is correct. As a result of litigation in Iowa between Lydick, Receiver, and Fischer, Commissioner, touching these same Iowa assets, it has been held that Fischer has statutory title to them and may retain them as against the Texas receivership, subject to legal consequences if hereafter Fischer has to ask aid in Texas. Fischer, Commissioner, v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 76 L.Ed. 444; American United Life Ins. Co. v. Fischer, Com'r, 8 Cir., 130 F.2d 643. The Texas receivership is not entitled to possess the securities deposited in Iowa.

**3.** What was removed to the district court was properly removable. The original creditors' bill, with its receivership, was not sought to be removed, nor was it ordered removed. The State judge's order specifically states that it was the suit against the Iowa and Michigan parties brought by his receiver that he ordered removed. It is not the removal of a separable controversy. The controversies with the Iowa receiver and with the Michigan receiver were possibly separate, but they were not attempted to be separated but were all removed, for diversity of citizenship. Lydick entitled his suit in the receivership cause, but it might better have been entitled as a new case. He asked no order to make new parties, and sought no relief against the parties to the receivership case; but he prayed and got independent original citations to answer his self-sufficient petition against two persons who were not parties to any cause pending in the court. He was asserting only his rights as receiver, which he was competent to represent. No other parties were necessary. It was in form and substance an independent suit. It might have been brought in the district court by direction of the State judge. In so far as it involved property actually in the custody of the State court, there might have been a question how far a federal court ought to interfere, under the rules of comity, but those rules do not forbid the trial in the federal courts of the title to particular assets in a State court receivership, if possession and final administration is left to the State court which first took possession. See Fischer, Com. v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444 and cases cited. But after all the comity is between courts, and is not a rule of law fixing the rights of litigants. The court entitled to deference may claim or may waive it. This State court did nothing to assert any right of comity, gave its receiver no instruction to resist interference by the federal court, but expressly acquiesced in the proposed removal and directed that no further proceedings be had in the State court. In this respect the case differs wholly from Mullendore v. American Surety Co., 9 Cir., 27 F.2d 572. We think there was no undue interference with the State court, and that Lydick's suit was a separate one of which the district court could take jurisdiction by removal.

Judgment affirmed.

986

HUTCHESON, Circuit Judge (dissenting).

I agree with the decision of the majority upon the first of the three questions decided that the judgment was a final one and that this court has jurisdiction of the appeal. Upon the second question whether the judgment given against appellant was correct, I express no opinion because I disagree with the decision of the third question that the petition appellant filed in the receivership cause to require the appellees to come in and assert their claims was a removable suit. I think it was not and that the judgment should be reversed for the error of not remanding it on appellant's motion. I, therefore, dissent from the affirmance.