## GILLIS et al. v. KEYSTONE MUT. CASUALTY CO.

### No. 10772.

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1949.

J. A. Edge, of Lexington, Ky. (Lena Maiden Craig, of Lexington, Ky., on the brief), for appellants.

No appearance for appellees.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellants filed complaint against the Keystone Mutual Casualty Company and its officers for recovery of damages, alleging that fraudulent representations were made to appellants in the sale of certain insurance policies to them, that the financial condition of the insurance company was misrepresented, and that upon such fraudulent misrepresentations, appellants purchased insurance policies on which they may be contingently liable for assessment as members of a mutual insurance company. They asked that the suit proceed not only on behalf of the appellants but on behalf of

all of the policyholders of the company who desired to appear, contribute to the costs, and receive the benefits thereof; that all persons be enjoined from instituting or prosecuting suits or proceedings against any of the policyholders of the company in the State of Kentucky except by appearing in the proceedings commenced by appellants; and they further ask judgment against the insurance company to the end that all the policies issued be cancelled, that they be awarded damages for breach of contract and cancellation of their policies in the sum of $5,000 and for the further sum of $1,582.-20, the amount of the unearned premium received by the appellee company upon the policies which appellants purchased and for $200,000 for premiums paid on policies in the State of Kentucky. Appellants further asked that a receiver be appointed with all the usual powers of receivers and that he be directed to investigate all suits pending against the insurance company or against persons where judgments rendered would become liabilities of the company; that he be given authority to intervene in said causes; that all persons having claims against the insurance company be required to file their claims against the receiver; and that he be given authority and direction to proceed forthwith to collect all sums of money due the insurance company. The complaint concluded with the usual prayer that all further decrees might issue from time to time as would effectuate the purpose of the receivership and result in a final settlement of the business of the insurance company.

Service of summons was accepted by the Director of Insurance of the State of Kentucky and the case was brought on for hearing on notice served upon the Director of Insurance. Upon the hearing, appellants were represented by counsel but no one appeared on behalf of the appellee insurance company. It appeared that at the time of the filing of the bill of complaint, the insurance company, in certain proceedings in the State of Pennsylvania, had admitted its insolvency; that the Insurance Commissioner of the State of Pennsylvania had suspended its license to do business in that state and elsewhere; that the corporation, in accordance with the laws of Pennsylvania, had

been dissolved and all of its affairs were in the hands of the Liquidation Division of the Insurance Department of that state, which had issued notices to all persons having claims to file them and had given notice of the court order enjoining and restraining all persons from instituting or prosecuting any action at law or in equity against the dissolved company. For purposes of clarity, appellees will be hereafter referred to as the appellee insurance company. After consideration of the allegations in the complaint, the district court dismissed the case for lack of jurisdiction, and appellants filed their appeal to this court.

The district court did not specifically set forth the grounds upon which it concluded there was lack of jurisdiction. It would seem that there was no question of diversity of citizenship; and that the amount in controversy was sufficient to confer jurisdiction upon the district court. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288, 289, 58 S.Ct. 586, 82 L.Ed. 845.

However, another consideration here controls decision. A federal court, even in the exercise of an equity jurisdiction not otherwise inappropriate, should not appoint a receiver to displace the possession of a state officer lawfully administering property for the benefit of interested parties except where it appears that the procedure afforded by state law is inadequate or that it will not be diligently and honestly U.S. 30, 55 S.Ct. 584, 79 L.Ed. 1282. In followed. Gordon v. Washington, 295 Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 961 A.L.R. 1166, a shareholder in an insolvent Pennsylvania building and loan association brought a bill of complaint in the federal district court for that state, alleging diversity of citizenship and the requisite jurisdictional amount, and praying for the appointment of receivers to liquidate the business and for an injunction restraining creditors or others from interfering with or taking possession of the property. The statutes of Pennsylvania provided a procedure for the liquidation of such associations under the direction of a Secretary of Banking, and substantially similar

to receivership proceedings in the federal courts. It was held that upon the petition of the State of Pennsylvania, the district court should have relinquished its jurisdiction in favor of the state administration of the corporate assets by the state officer. See also Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Holley v. General American Life Ins. Co., 8 Cir., 101 F.2d 172. It is settled that when a state court and a court of the United States may each take jurisdiction of a matter, the tribunal whose jurisdiction first attaches holds it to the exclusion of the other until its duty is fully performed and the jurisdiction involved is exhausted. The rule is not limited to cases where property has actually been seized under judicial process before a second suit is instituted in another court but it applies as well where suits are brought to liquidate insolvent estates and in all suits of like nature. Kline v. Burke Construction Co., 260 U.S. 226, 231, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Baltimore & Ohio R. R. Co. v. Wabash R. Co., 7 Cir., 119 F. 678. See Farmers Loan & Trust Co. of New York v. Lake St. El. R. Co., 177 U.S. 51, 61, 20 S.Ct. 564, 44 L.Ed. 667; Hutchins v. Pacific Mutual Life Ins. Co., 9 Cir., 97 F.2d 58, 60; City of Orangeburg v. Southern Ry. Co., D.C., 45 F.Supp. 734, 740, affirmed, 4 Cir., 134 F.2d 890. It is said that actions of this nature are in rem (sometimes quasi in rem) and the rule is well established as between courts of concurrent jurisdiction, that the court first assuming jurisdiction over the res involved may exercise that jurisdiction to the exclusion of the other. To bring this rule into play, it is not necessary that the property should have been actually seized under judicial process before the second action is commenced. It applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature, where, to give effect to its jurisdiction, the court must control the property. United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331. Where, under a state insurance act, proceedings had been instituted in the state court against an insurance company, which finally resulted in the dissolution and administration of the affairs of that company, all intermediate proceedings must be finally disposed of in that tribunal even though a valid and subsisting judgment was obtained in the federal court against the company pending such administration. Levi v. Columbia Life Ins. Co., C.C., 1 F. 206.

In O'Neil, Insurance Commissioner, v. Welch et al., 3 Cir., 245 F. 261, where, under the laws of Pennsylvania, the Insurance Commissioner applied to the court for an order directing an insurance company to show cause why the Commissioner should not take possession of its property, conduct its business, and distribute its assets in accordance with the statute providing for such procedure in case of insolvency, and it appeared that prior to the hearing on the order to show cause but after it had been granted, a non-resident stockholder of the corporation filed a bill in the federal court praying for dissolution of the corporation and distribution of its assets, and a receiver was appointed by the federal court, it was held that although the state court had not possession of the corporation's property, nevertheless, as such remedy was open to it and was necessary to a determination of the proceeding therein instituted, the state court, though it had, with the federal court, concurrent jurisdiction, was first in securing jurisdiction, and could not be ousted by the appointment of a receiver by the federal court. It was further held that the rule that actual seizure of property is the test of jurisdiction was not applicable in view of the nature of the proceeding in the state court.

Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444, sustained the jurisdiction of the federal district court in a suit by an Iowa state receiver for an adjudication of rights in assets of an insolvent Michigan insurance company that was in the hands of a Michigan receiver appointed in accordance with the laws of that state. The distinguishing feature of the case, however, was that the assets in question were, at the time of the

suit in the federal court, in the possession of the Iowa receiver, having been specifically deposited previously by the insurance company with the Iowa insurance commissioner pursuant to state statutes and certain reinsurance agreements for the protection of the Iowa policyholders of the insurance company in case of its insolvency. Moreover, the Iowa statutes governing the transaction provided that in case of such insolvency, the assets so required to be deposited with the Iowa insurance commissioner for the benefit of the Iowa policyholders should vest in the state for the benefit of the policyholders and that the Iowa courts should have jurisdiction to divide the proceeds of the assets so deposited among such policyholders. An extensive and illuminating discussion of the legal principles involved in the instant case appears in the opinion of the court and the dissenting opinion in American United Life Ins. Co. v. Fischer, 8 Cir., 117 F.2d 811, which was considered on review by the Supreme Court in Fischer v. American United Life Ins. Co., supra.

■ Under the foregoing authorities, the liquidation of appellee insurance company under the direction of the Insurance Commissioner of the State of Pennsylvania should not be interfered with and the district court was properly required to decline jurisdiction of appellants' suit commenced in the State of Kentucky.

■ As heretofore said, the district court dismissed the case for lack of jurisdiction. It may be said that it is not technically accurate to say that the case should have been dismissed for lack of jurisdiction. The word "jurisdiction" as applied to a court's power to grant a particular kind of relief is somewhat equivocal and a court's forbearance from exercising its power to the fullest possible extent is sometimes called "lack of jurisdiction." Amey v. Colebrook Guaranty Sav. Bank, 2 Cir., 92 F.2d 62; and it has been held that although the pendency of an action in a state court may make it improper for a federal court to exercise jurisdiction, nevertheless, in such a case, there is jurisdiction, and the dismissal for want of jurisdiction is error. Huntington v. Laidley, 176 U.S. 668, 20 S.Ct. 526, 44 L.Ed. 630. Yet, if the court of Pennsylvania which appointed the Insurance Commissioner of that State to liquidate appellee insurance company, together with such Commissioner, had acquired jurisdiction prior to the filing of appellants' suit in the district court, and, as a result, the district court, according to well established law, was foreclosed from the exercise of jurisdiction in the case, it seems sensible to say, as did the district court in this case, that, under these circumstances, it lacked jurisdiction. However, in any event, under Rule 61 of the Federal Rules of Civil Procedure, 28 U.S.C.A., no error in any ruling or order or in anything done or omitted by the court is ground for disturbing a judgment or order unless refusal to take such action appears to the court inconsistent with substantial justice; and the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. This rule is intended for the guidance of the district court, but it should be heeded by the appellate court to make it effective. University City v. Home Fire & Marine Ins. Co., 8 Cir., 114 F.2d 288. In the controversy before us, there was no error prejudicial to the rights of appellants or inconsistent with substantial justice.

The order of the district court dismissing the case is, accordingly, affirmed.