Harry **LEFKOWITZ** and Frances Lefkowitz, Appellants,

v.

**H. S. McQUAGGE et al., Appellees.**

No. 18923.

United States Court of Appeals Fifth Circuit.

Nov. 29, 1961.

---

4. Record, p. 20

5. Record, p. 16

6. N. L. R. B. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947)

John M. Coe, Pensacola, Fla., for appellants.

Ernest W. Welch, Panama City, Fla., for appellees.

Before BROWN, GEWIN and BELL, Circuit Judges.

BELL, Circuit Judge.

This is an appeal from an order of dismissal in the District Court. Plaintiffs, appellants here, filed a bill to quiet title to real property naming appellees and others as defendants on the chancery side of the Circuit Court of Bay County, Florida. Appellees, being in actual possession of the land, moved for a jury trial under Statute 66.16 F.S.A. The court under the authority of this statute ordered the cause severed and docketed on the law side of the court, and tried as an ejectment suit before a jury, leaving the bill to quiet title pending on the chancery side of the court. Appellants took an involuntary non-suit on the trial of the ejectment suit because of certain rulings of the court, and appealed to the District Court of Appeals for the First District of Florida. That court reversed, settling certain question of law going to the validity of the chain of title on which appellants depended. Lefkowitz v. McQuagge, 122 So.2d 328 (Fla.1960).

While the state court ejectment suit stood non-suited, and while it was on appeal, appellants brought this action in the District Court on diversity jurisdiction, (28 U.S.C. § 1332), where it was stayed from term to term pending the decision of the State Court of Appeals.

Upon termination of the appeal, appellants moved to dismiss the ejectment suit in the State Court, reciting the fact of the federal suit, and their election to proceed in the federal court. The state court issued two orders, one as to the bill to quiet title pending on the chancery side of the court retaining that cause and the counterclaim therein in abeyance until the issue in ejectment pending in the federal court could be determined, and the other dismissing the ejectment suit.

Appellees, upon the suit being filed in the District Court, moved to dismiss on the ground, inter alia, that the court lacked jurisdiction. After termination of the appeal in favor of appellants, the parties stipulated that fact, and the facts as to the motion to dismiss the ejectment suit in the state court, and the two orders of that court on the motion to dismiss there. The matter then came on for hearing, and the District Court in dismissing did not mention these latter developments, granting the motion only upon ground three thereof, which is as follows:

"This Court lacks jurisdiction to determine the issues tendered in the Complaint in that a similar action was instituted in the Circuit Court of the Fourteenth Judicial Circuit of Florida, in and for Bay County, Florida, involving the same property and between the same parties, and the said Circuit Court of the Fourteenth Judicial Circuit of Florida in and for Bay County, had obtained jurisdiction over the real property described in the Complaint prior to the com-

mencement of the present action in this Court. On the 22nd day of April, 1959, a final judgment was entered in the said action by one of the judges of the said Circuit Court of the Fourteenth Judicial Circuit of Florida, in and for Bay County, granting plaintiffs therein an involuntary non-suit, a certified copy of which is attached hereto and made a part hereof as exhibit "A". The time for appeal from said final judgment has not expired and will not expire until the month of June, 1959. Therefore, the Courts of the State of Florida still retain jurisdiction of the parties to and of the subject matter described in the plaintiffs Complaint, and whereby, for this Court to take jurisdiction of this cause, it would have to interfere with the jurisdiction of the Courts of the State of Florida with respect to the said real property involved."

■ It may be that a bill to quiet title proceeding is quasi in rem, McDaniel v. McElby, 91 Fla. 770, 108 So. 820, 51 A.L. R. 731 (Fla.1926); Humble Oil and Refining Company v. Sun Oil Company, 191 F.2d 705 (5 Cir. 1951), and that the court first acquiring jurisdiction of a res does so to the exclusion of others, as a matter of comity, Cole v. Franklin Life Ins. Co., 108 F.2d 130 (5 Cir. 1939); yet the ejectment suit here is in personam and this rule is not applicable, Holt v. Werbe, 198 F.2d 910 (8 Cir. 1952), unless it is the same proceeding as that to quiet title. That it is not the same proceeding is clear from the statute (66.16 F.S.A.) which provides for the making up of an issue in ejectment on the law side of the court which may be tried by a jury where a defendant is in possession of the land in issue or any part thereof and that the court in equity may proceed to a final decree in the remainder of the case notwithstanding the non-determination of the issue in ejectment.

The Circuit Court by its orders treated the bill to quiet title and the suit in ejectment which was severed therefrom as separate matters, and they are docketed there as separate matters.

In the case of Deas v. Burham, 65 So.2d 297 (Fla.1953) a bill to quiet title was dismissed in chancery as lacking in equity but transferred to the law side of the docket to be tried in ejectment. Defendant pleaded adverse possession of seven years prior to the filing of the declaration in ejectment but there had not been seven years of adverse possession prior to the filing of the bill. The court held that the ejectment suit on the law side of the court pursuant to transfer was a continuation of the chancery suit to a quiet title and that the plea of adverse possession thus stated no defense. This is far from a holding that the suit in ejectment was so inseparably related to the bill to quiet title as to cause the suit in ejectment to be an action quasi in rem rather than in personam, and we know of no authority that does so hold.

■ There being no basis for an exercise of discretion by the court, Cf. Fischer v. American United Insurance Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444 (1942); appellants, as was their option, having selected the federal forum, 28 U. S.C. § 1332; the state court having relinquished jurisdiction by granting the motion of appellants to dismiss, Cf. Hughes v. Green, 84 F. 833 (8 Cir. 1898), and Holt v. Werbe, supra; and the issue in ejectment having been conceded to be an action in personam; the District Court erred in dismissing the complaint and the judgment of that court is therefore Reversed and the case remanded for further proceedings not inconsistent herewith.