327 F.2d 713
 R. F. APODACA, Domiciliary Receiver of Pioneer Mutual
Compensation Company, Inc., in receivership in the
State of New Mexico, Appellant,
v.
Bernard B. CARRAHER, Ancillary Receiver of Pioneer Mutual
Compensation Company, Inc., in receivership in the State of
Colorado, and the District Court of the City and County of
Denver, State of Colorado, Appellees.
 No. 7346.
 United States Court of Appeals Tenth Circuit.
 Feb. 13, 1964.
 
 Patricio S. Sanchez, Santa Fe, N.M. and Donald K. Bain, Denver, Colo., for appellant.
 Charles D. Bromley, Denver, Colo., for appellees.
 Before LEWIS and SETH, Circuit Judges, and KERR, District Judge.
 LEWIS, Circuit Judge.
 
 
 1
 This appeal is taken from a judgment of dismissal entered by the District Court for the District of Colorado to appellant's complaint after determination by that court that it should refrain from exercising jurisdiction in matters then pending in and within the concurrent jurisdiction of the Colorado state courts.
 
 
 2
 Appellant is the domiciliary receiver of Pioneer Mutual Compensation Company, Inc., acting by appointment of and under the continuing jurisdiction of the state court of New Mexico. Appellee Carraher is the ancillary receiver of Pioneer within the State of Colorado and thus acting under the authority of the appellee District Court of the City and County of Denver. By complaint asserting diversity jurisdiction appellant sought a federal court decree determining his alleged right to a fund in the possession of the ancillary receiver and temporary and permanent injunctive relief against the anticipated disposition of the fund by the ancillary receiver under direction of the Colorado state court. Upon consideration of the allegations of the complaint and those contained in appellees' motion to dismiss, together with testimony and exhibits received in a hearing upon the motion, the court below was presented with defined issues, not dependent upon factual dispute, which are subject to pertinent summary.
 
 
 3
 Pioneer, engaged in the writing of insurance in Utah, Colorado and New Mexico, became involved in financial difficulties early in 1954. Upon order of the insurance commissions of Colorado and New Mexico, the directors of Pioneer made an assessment against the company policy-holders equal to one year's full premium. The assessment was contested by Colorado policy-holders in a representative suit, later consolidated with an action questioning the appointment of a Colorado receiver, and both actions were judicially determined to be valid. Aronoff v. Pioneer Mutual Compensation Co., 134 Colo. 395, 304 P.2d 1083. The ancillary receiver proceeded accordingly, collected in excess of one million dollars by way of assessment upon Colorado policy-holders, and thereafter paid all approved claims in Colorado. He now holds a fund of $471,346.17 and has petitioned the Colorado court for permission to refund this amount to Colorado assessment payers.[1] It is this proposed action that appellant seeks to have enjoined by federal decree and over which the trial court refused to exercise jurisdiction.
 
 
 4
 Although this is a case of concurrent jurisdiction of state and federal courts to determine the right of receivers to administer a fund held by a state court, Fischer v. American United Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444, it is not one of such delicately balanced equities as to find no solution in the generally accepted principles of comity. Here, the Colorado court is both first in time to acquire jurisdiction and is in actual possession of the res, both compelling reasons why the federal court should refrain from entertaining jurisdiction. Continental Bank and Trust Co. v. Apodaca, 10 Cir., 239 F.2d 295. Original jurisdiction in the Colorado court was not obtained by 'procedural fencing', Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653, so as to indicate the necessity of safeguards against choice of an unnatural forum for the determination of an essentially federal question. To the contrary, the fund appellant now seeks to reach by federal decree was created by enforcement of Colorado statutory law, by the Colorado receiver under the control and direction of the Colorado court, and from Colorado policy-holders for the benefit of Colorado claimants. For the federal court at this point to needlessly inject its jurisdiction into conflict with that of the state court in the administration of state law is neither compelled by the existence of diversity jurisdiction nor the dictates of discretion. As we stated in Duggins v. Hunt, 10 Cir., 323 F.2d 746:
 
 
 5
 'The questions of when to exercise jurisdiction, when to hold jurisdiction in abeyance, and when to reject jurisdiction are to be determined initially by the trial court, Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582, and the judgment of the trial court will be reviewed by this court only to consider whether a clear abuse of discretion appears.'
 
 
 6
 The trial court did not abuse its discretion by refraining from exercising its jurisdiction and the judgment is accordingly affirmed.
 
 
 
 [1]
 The Colorado Supreme Court in its opinion considered the contention of policy-holders that the assessment was excessive and hence invalid. Said that Court: 'If more than is required is brought on, there is nothing in the decree permitting misapplication and any surplus will be refunded.' 304 P.2d at 1090