772 F.2d 907
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TEVEN LUNDBLAD, PLAINTIFF-APPELLANT,
v.
RICHARD D. CELESTE, GOVERNOR; MYRL SHOEMAKER, DIRECTOR OF
OHIO DEPARTMENT OF NATURAL RESOURCES; WILLIAM NAPIER, DEPUTY
DIRECTOR; DONALD OLSEN, DIVISION CHIEF; OHIO DEPARTMENT OF
NATURAL RESOURCES, DEFENDANTS-APPELLEES.
 NO. 84-3561
 United States Court of Appeals, Sixth Circuit.
 8/22/85
 
 S.D.Ohio
 REVERSED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: MARTIN and JONES, Circuit Judges; and SILER, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Steven Lundblad appeals from the district court's grant of summary judgment to the defendant state officials in this action brought under 42 U.S.C. Sec. 1983. The district court held that Lundblad's suit, which alleged political discrimination in violation of his First Amendment free speech rights and his Fourteenth Amendment right to equal protection, was barred under Ohio principles of res judicata. Upon consideration of the issues raised on appeal, we reverse. The state court judgment that preceded this suit in federal court was not a judgment on the merits.
 
 
 2
 The controversy in this case concerns the handling by officers of the State of Ohio of the golf course concession in Punderson State Park, Newberry, Ohio. Lundblad contracted with the Ohio Department of Natural Resources (ODNR) to operate the Punderson State Park golf course from 1973 through 1982. His initial five-year contract provided for one four-year extension without competitive bidding, which the parties exercised in October, 1978. At the end of 1982, the ODNR invited bids from the general public for the golf course concession contract beginning with the 1983 session. Lundblad and three others submitted bids and the ODNR awarded the contract to Robert L. Grant.
 
 
 3
 On April 6, 1983, Lundblad filed suit in the Court of Common Pleas of Franklin County against the ODNR, and several state officials. The state court suit sought a preliminary and a permanent injunction to enjoin ODNR from finalizing its decision to award the contract to Grant. Lundblad's complaint in state court alleged that the decision to accept Grant's bid rather than Lundblad's was arbitrary, capricious, and in violation of state statute and regulation. The complaint in state court did not allege constitutional violations or seek damages. Also on April 6, 1983, the state court entered a temporary restraining order preventing the ODNR from contracting with Grant for the golf course concession, and set a hearing for April 20, 1983 to consider issuing a preliminary injunction. Following negotiations with Lundblad, the ODNR informed him on April 17, 1983, that it had determined to self-operate the golf course concession.
 
 
 4
 At the April 20, 1983 hearing, the defendants moved to dismiss Lundblad's complaint as moot. Lundblad orally moved for a continuance in order to amend his complaint to include additional claims, including constitutional claims for monetary damages. The state judge denied Lundblad's motion for a continuance to amend his complaint and stated on the record, 'If you want to file a new complaint, file a new complaint. 'On July 5, 1983, the state court judge entered a judgment which dismissed Lundblad's complaint as moot without specifying whether the dismissal was with or without prejudice. Examination of the document representing the judgment suggests that the order was drawn up by the Ohio Attorney General's Office. Review of the hearing transcript confirms that the assistant attorney general supplied the order.
 
 
 5
 On May 13, 1983, three weeks after the state court hearing and nearly two months before the state court entered judgment dismissing his suit, Lundblad filed a complaint in federal district court. The complaint sought damages for violation of Lundblad's First Amendment free speech rights and his right to equal protection under the Fourteenth Amendment. Lundblad alleged that ODNR had awarded the golf course concession to Grant, despite his lack of qualifications, because of his status as a Democrat. He also alleged that ODNR had decided to self-operate the golf course in response to Lundblad's suit in order to ensure that the contract would be awarded only to Democrats.
 
 
 6
 On July 5, 1983, the date on which the state court entered judgment dismissing Lundblad's claim as moot, the defendants moved for summary judgment in federal court on grounds of res judicata with respect to all defendants. The ODNR moved for dismissal, on Eleventh Amendment grounds, of Lundblad's complaint against it. On June 25, 1984, the district court granted summary judgment to the defendants on res judicata grounds. The district court also held that Lundblad's claims against the ODNR were barred by the Eleventh Amendment. Lundblad has not appealed from this portion of the district court's ruling.
 
 
 7
 The district court dismissed Lundblad's federal complaint on the ground that his claim was precluded by a prior state court judgment. The district court properly understood that its task was to give the prior state court judgment the preclusive effect that other courts of the state would apply under state law. 28 U.S.C. Sec. 1738; Migra v. Warren City School District Board of Education, 104 S. Ct. 892, 896 (1984); see Loudermill v. Cleveland Board of Education, 721 F.2d 550, 557 (6th Cir. 1983) (Per Curiam), aff'd, 105 S. Ct. 1487 (1985). The Supreme Court has expressly applied this rule in actions brought under section 1983. Allen v. McCurry, 449 U.S. 90, 105 (1980). Ohio res judicata doctrine has three elements, all of which must be present before claim preclusion bars a subsequent suit: (1) a prior valid judgment on the merits; (2) identical causes of action in both lawsuits; (3) identical parties or their privies. See Whitehead v. General Telephone Co., 20 Ohio St. 2d 108, 254 N.E.2d 10 (1969).
 
 
 8
 The prior state court decision in the present matter was not a judgment on the merits. The state court dismissed Lundblad's complaint as moot because the ODNR's decision to self-operate the golf concession meant that it no longer had a contract to issue and there was no state action to enjoin. This decision amounted to a dismissal without prejudice and did not bar any other claims Lundblad may have had.
 
 
 9
 This conclusion is based upon analysis of Ohio Rule of Civil Procedure 41 and the Ohio Constitution. Rule 41 governs voluntary and involuntary dismissals and establishes the conditions under which such dismissals are without prejudice or with prejudice. Dismissal of Lundblad's state complaint was certainly involuntary; judgment was entered in response to the defendants' motion and over Lundblad's request for a continuance. Under Rule 41(B), an involuntary dismissal operates as an adjudication on the merits with three exceptions: 'unless the court, in its order for dismissal, otherwise specifies,' 41(B)(3); unless the dismissal is 'for lack of jurisdiction over the person or the subject matter,' 41(B)(4)(a); or unless the dismissal is 'for failure to join a party under Rule 19 or Rule 19.1,' 41(B)(4)(b).
 
 
 10
 The state court judgment dismissing Lundblad's complaint as moot does not bar his subsequent federal suit because mootness is a jurisdictional issue and the second exception is satisfied. Article IV, Section 4(B) of the Ohio Constitution establishes the jurisdiction of the Ohio courts of common pleas:
 
 
 11
 The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.
 
 
 12
 (Emphasis added). Thus, the Ohio Constitution requires a justiciable case or controversy before original jurisdiction will lie in the court of common pleas. It is generally recognized that dismissal for mootness involves a finding that no justiciable controversy exists. The Ohio Court of Appeals recently introduced a discussion of the concept of mootness by stating flatly: 'Moot cases are dismissed because they no longer present a justiciable controversy.' Central Motors Corp. v. Pepper Pik, 9 Ohio App. 3d 18, 19 (1983).
 
 
 13
 In the present case, dismissal of Lundblad's complaint as moot was dismissal for lack of jurisdiction. As such, the dismissal was without prejudice under Ohio Rule of Civil Procedure 41(B)(4)(a). The state court judgment was not an adjudication on the merits for the purposes of state law. The district court improperly dismissed Lundblad's federal complaint as barred by res judicata.
 
 
 14
 The appellees also contend that even if the district court erred, it committed a harmless error because Lundblad failed to state a claim and because, under the claim he attempted to raise, the defendant state officers were protected by the qualified immunity articulated in Harlow v. Fitzgerald, 457 U.S. 800 (1982). Therefore, the appellees call upon this court to substitute a new ground for the district court's judgment.
 
 
 15
 We readily accept that on appeal this Court may, in the sound exercise of its discretion, resolve a question of law that the district court below did not address. The authorities on which the appellees rely establish nothing more. See Gills v. Keystone Mutual Casualty Co., 172 F.2d 826 (6th Cir.), cert. denied, 338 U.S. 822 (1949); Automobile Underwriters of Des Moines v. Bloemer, 94 F.2d 474 (8th Cir. 1938). We decline to exercise this discretion in the present case. From some perspectives Lundblad's complaint appears farfetched, but he deserves the opportunity to address this issue fully and directly in the district court.
 
 
 16
 For the foregoing reasons the judgment of the district court is REVERSED and this matter is REMANDED for futher proceedings.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation