# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHEMEON SURFACE TECHNOLOGY, LLC, A NEVADA LIMITED LIABILITY COMPANY; DEAN MEILING; AND MADYLON MEILING,
Appellants,
vs.
MARC HARRIS; JEFF MACKINEN; JERRY ALEXANDER; MARTY COHEN; CHARLES DELLE DONNE; RICHARD SCOTT ELDER; ARNIE GETTELSON; JERRY HOLLANDER; ELIAS KASOUF; DON MARSHALL; JERRY MCDONALD; RON MELANSON; KEN MILES; MARVIN MILLS; MARC MORIN; ROBERT PARKER; DENNIS POULSEN; RON SMITH; ANDREW TANNER; CRAIG TIEFENTHALER; VIRGINIA WALLACE; AND GERALD WOLFE,
Respondents.

No. 75370

**FILED**

JUL 24 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a motion for preliminary injunction. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.

Appellants Chemeon Surface Technology, LLC, Dean Meiling, and Madylon Meiling (collectively, Chemeon) sought a preliminary injunction in state court to enjoin respondents from pursuing a federal class action. The state court denied Chemeon's motion. In the federal action, respondents alleged that Chemeon defrauded investors (which include respondents) of Metalast International, LLC, a now defunct shell company

that had owned intellectual property later purchased by Chemeon in a state court receivership action. Chemeon argues that the state district court should have enjoined respondents from bringing the federal class action under the prior-exclusive-jurisdiction doctrine.

Under the prior-exclusive-jurisdiction doctrine, "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 317, 302 P.3d 1103, 1105 (2013) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). Chemeon is correct that the state court receivership was an action in rem. *See* 75 C.J.S. *Receivers* § 2 (2013) ("A receivership proceeding is an in rem or a quasi in rem proceeding."). However, the prior-exclusive-jurisdiction doctrine is inapplicable because the subsequent federal class action alleging fraud is strictly in personam. *See Markham v. Allen*, 326 U.S. 490, 494 (1946) (stating that "while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession") (internal citations omitted); *Chapman*, 129 Nev. at 317, 302 P.3d at 1105 (stating that "if only one of the causes of action is in rem or quasi in rem, both cases may proceed side by side") (internal quotation marks omitted).

Additionally, the state district court terminated the receivership prior to the federal class action. With this termination, the district court relinquished its in rem jurisdiction over the res, rendering the prior-exclusive-jurisdiction doctrine inapplicable. *See Fischer v. Am. United Life Ins. Co.*, 314 U.S. 549, 555 (1942) (holding that when a state court is "not in possession of the res," a federal court decree against the res "is

proper"); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 231 (1922) ("[T]he tribunal whose jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed, and the jurisdiction involved is exhausted.") (quoting *Balt. & Ohio R.R. v. Wabash R.R.*, 119 F. 678, 679 (7th Cir. 1902)).

Chemeon's additional arguments are unavailing because "state courts are completely without power to restrain federal court proceedings in in personam actions." 21 C.J.S. *Courts* § 292 (2016). The prior-exclusive-jurisdiction doctrine provides the sole exception to the rule that state courts cannot enjoin parties from federal court. *See id.* (stating that a state court may enjoin a federal proceeding only "if [the] state court first obtains jurisdiction of the . . . res"). Thus, because the prior-exclusive-jurisdiction doctrine does not apply, the district court had no authority to enjoin the parties from pursuing their federal court suit. The district court therefore did not err in denying Chemeon's motion for preliminary injunction. We have considered and reject Chemeon's other arguments and deny as moot the motion to strike Chemeon's notice of supplemental authority. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

 

cc:   Hon. Thomas W. Gregory, District Judge
      Robert L. Eisenberg, Settlement Judge
      Holland & Hart LLP/Reno
      Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Reno
      Grace M. Kim
      Holley, Driggs, Walch, Fine, Puzey, Stein, Thompson/Las Vegas
      Douglas County Clerk