SHERBURNE *v.* MIAMI COAL COMPANY

[No. 16,660. Filed October 23, 1941.]

588

*Charles D. Hunt,* of Sullivan, and *Morton C. Embree* and *Gerald E. Hall,* of Princeton, for appellant.

*Cooper, Royse, Gambill & Crawford,* of Terre Haute, and *Gallagher, Rinaker, Wilkinson & Hall,* of Chicago, Illinois, for appellee.

BLESSING, C. J.—The Miami Coal Company is an Indiana corporation with its principal place of business in Chicago, Illinois. It owns coal lands and coal mines both in the state of Illinois and in the state of Indiana. Among the properties in Indiana are coal lands in Sullivan county of this state, in excess of 7000 acres.

On the 22nd day of November, 1932, there was filed at Danville, Illinois, in the United States District Court for the Eastern District of Illinois, a complaint against the Miami Coal Company, praying, among other things, the appointment of a receiver, the determination and adjudication of all claims against the company, and for an order restraining all creditors from prosecuting any suit or claim against the Miami Coal Company, or from prosecuting any suit, attachment, garnishment, or other proceeding against the property of the Miami Coal Company. To this complaint, an answer was filed in said proceeding, admitting the truth of the allegations of the complaint; and on the same day on which the complaint was filed, said district court of the United States entered an order appointing George F. Getz and Louis Clements joint receivers. The order of the United States district court contained a paragraph restraining all persons from bringing or prosecuting any suit or proceedings against the Miami Coal Company or its properties, and likewise directed the receivers so appointed to take possession of all of the property and assets of the Miami Coal Company wheresoever located. Following the entry of this order, the receivers so appointed, after qualifying according to the terms and conditions of the order appointing them, and in compliance with § 56 of the Judicial Code (28 U. S. C. A. § 117), filed with the clerk of the District Court of the United States for the Southern District of Indiana a certified copy of the bill

of complaint as filed, together with a certified copy of the order of the District Court of the United States for the Eastern District of Illinois. There being no disapproval of the order of the United States District Court for the Eastern District of Illinois, under the provisions of said § 56 of the Judicial Code, the filing of the certified copy of said bill of complaint and the certified copy of said order with the United States District Court for the Southern District of Indiana was effectual in placing the said coal lands in Sullivan county, Indiana, in the sole and exclusive jurisdiction of the United States District Court for the Eastern District of Illinois, both district courts of the United States referred to being in the Seventh United States Judicial Circuit, and the coal lands being in the Southern District of the United States court for Indiana.

During the pendency of the receivership of the Miami Coal Company in said court, and on the seventh day of September, 1939, the appellant in this cause (plaintiff below) filed his complaint against the Miami Coal Company in the Sullivan Circuit Court at Sullivan, Indiana, in which he alleged that the Miami Coal Company was an Indiana corporation with a capital of $350,000, evidenced by 3500 shares of common stock of the par value of $100 per share, 528 of which shares of common stock the appellant became the owner of in the year of 1923. That one John T. Connery and one James P. Connery, both deceased at the time of the filing of the complaint, were the joint owners of 1846½ shares of such common stock, and that members of the immediate families and parties closely associated with the Connery family were the owners of the remainder of such common stock in the Miami Coal Company; that in the month of June, 1923, the holders of such common stock executed an indenture of trust, whereby they assigned

all of such common stock to the said John T. and James P. Connery as trustees with full and sole right of the assignees to vote said common stock and to exercise all the rights, powers, and privileges of stockholders, and continued in this right until after the purchase by the Miami Coal Company from the Connery Coal & Investment Company of the coal lands described in the complaint (said coal lands being the lands heretofore referred to as being in Sullivan county). Appellant's complaint in the Sullivan Circuit Court further charged in substance that the Connery Coal & Investment Company was chartered by the state of Illinois in the year of 1925; and that the said John T. and James P. Connery, at the time of the corporations' organization, owned all of the capital stock in equal shares except such shares as were necessary for the qualification of directors; and from the time of the organization of the Connery, Coal & Investment Company, it and the appellee Miami Coal Company, became and were, and ever since remained, completely interlocked as to officers, directors and stockholders, and both completely dominated by the same persons; that the Connery Coal & Investment Company purchased coal lands in Sullivan county (being the lands hereinbefore referred to) for the sum of $184,321.32; that on the 18th of July, 1927, and at a time when said corporations were completely interlocked and under the domination and control of the same parties, and during the existence of the trust indenture concerning the common stock, the Connery Coal & Investment Company sold and conveyed to the Miami Coal Company all of said coal lands situated in said Sullivan County at the rate of $100 per acre or in the aggregate sum of $724,287.78, leaving a profit to the Connery Coal & Investment Company of $75 per acre or the sum of $532,264.68. The appellant also

charges in said complaint that said lands were paid for with earnings of the defendant, Miami Coal Company, and surplus and undivided profits in the treasury of the latter company; and that said surplus and undivided profits used in said purchase were the property of the appellant in the proportion that his ownership of the shares in the Miami Coal Company bore to the whole of the common stock of said company. Then follows the allegation that the purchase of said coal lands was unlawfully, illegally, and fraudulently made for the purpose of cheating and defrauding the Miami Coal Company, and of enriching the Connery Coal & Investment Company at the expense of the Miami Coal Company, and of enriching the said John T. and James P. Connery at the expense of the Miami Coal Company, and for the purpose and with the intent of cheating and defrauding the plaintiff of his share in the earnings, surplus, and undivided profits of the Miami Coal Company. A lack of knowledge until within ninety days before the filing of the complaint was pleaded; and it was charged that the facts of said transaction were purposely, willfully, fraudulently, and intentionally concealed from appellant by the directors and other stockholders of the Miami Coal Company, who had knowledge thereof; that by reason of the facts, plaintiff was defrauded in the sum of $79,839.70. Plaintiff also charged that the Miami Coal Company still owned the lands at the time of the institution of his suit, and that said coal company was without funds with which to pay his damages in the sum of $79,839.70, together with interest. Plaintiff further alleged that he was entitled to follow said sum, including the interest thereon, into the 7000 acres of coal land and to have said real estate impressed with a lien in his favor in said sum, a foreclosure of the lien, and a partition of the real estate,

setting off his proportionate share thereof. The prayer of the complaint asked for judgment, and follows the allegations of the complaint with respect to the impression and foreclosure of a lien in his favor and a satisfaction of the lien through partition.

To appellant's action, the Miami Coal Company entered a special appearance and filed its plea in abatement, which, after setting forth the names of the plaintiff and defendant in the receivership action, making the bill asking the appointment of a receiver a part of the said plea as Exhibit "A," alleging that the Miami Coal Company in receivership and the defendant named in the complaint in Sullivan Circuit Court is one and the same corporation, the admission of the allegations of the bill by the defendant, Miami Coal Company, and the appointment of receivers with directions to take possession of all the property and assets of the Miami Coal Company in Sullivan county, Indiana, alleges further as follows:

> "It was further ordered by said Court that all creditors of said Miami Coal Company be restrained from bringing or further prosecuting any suit, attachment, garnishment, replevin or any other action or proceedings against said Miami Coal Company, and from attaching or levying upon any of its property until further order of the District Court of the United States, for the Eastern District of Illinois, a copy of which said decree is attached hereto, made a part hereof, and marked Exhibit B.
>
> "That immediately after the appointment of said George F. Getz and Louis Clements as Receivers of said Miami Coal Company by the District Court of the United States, for the Eastern District of Illinois, said Receivers filed a duly certified copy of the Bill of Complaint and Order and Decree appointing said Receivers and restraining the prosecution of any actions against the Miami Coal Company in the office of the Clerk of the District

Court of the United States, for the Southern District of Indiana, at Indianapolis, Indiana, in accordance with the provisions of Section 56 of the Judicial Code of the United States (28 U. S. C. A., paragraph 117).

"That the real estate upon which the plaintiff in the above entitled cause seeks to obtain a lien and seeks to have partitioned is located in Sullivan County, Indiana, within the Southern District of the District Court of the United States.

"That immediately after the entry of such decree and order by the District Court of the United States, for the Eastern District of Illinois, and the filing of the Bill of Complaint and Order and Decree in the office of the Clerk of the District Court of the United States, for the Southern District of Indiana, said Receivers took possession of all of the property and assets of Miami Coal Company, including the real estate, coal and minerals described in the above entitled cause upon which plaintiff seeks to obtain a lien and to partition.

"That after the appointment of said Receivers as above set out by the District Court of the United States, for the Eastern District of Illinois, to-wit: on February 11, 1938, George F. Getz departed this life and by order of the District Court of the United States, for the Eastern District of Illinois filed and entered on the 3rd day of March, 1938, nunc pro tunc as of February 12, 1938, ordered and decreed that Louis Clements continue to act as sole Receiver for the assets and business of said Miami Coal Company, with all the powers and authority originally granted by the order of appointment to said Louis Clements and George F. Getz, a copy of which said order is attached hereto, and made a part hereof, and marked Exhibit C.

"That George F. Getz and Louis Clements have at all times since their appointment as Receivers by the District Court of the United States, for the Eastern District of Illinois, up to the time of the death of said George F. Getz, held possession of the real estate, coal and mineral rights upon which plaintiff seeks to obtain a lien and to partition in the above entitled cause, and that since the death of said George F. Getz, Louis Clements as

Receiver has held possession of the real estate, coal and mineral rights upon which plaintiff seeks to obtain a lien and to partition in the above entitled cause.

"That the decree and order of the District Court of the United States, for the Eastern District of Illinois, has at all times since the entry thereof remained in full force and effect and is now in full force and effect.

"That by reason of the premises, the Sullivan Circuit Court, of Sullivan County, Indiana, has no jurisdiction to hear and determine the cause of action sought to be prosecuted by the plaintiff in the above entitled cause.

"WHEREFORE, defendant demands that said action abate."

The plea in abatement was duly verified. To this plea in abatement, the plaintiff (appellant here) filed a demurrer, assigning the statutory ground that the plea did not state facts sufficient to abate the action. Following the cause for demurrer, the plaintiff submitted the following memorandum:

"This is an action in which the plaintiff seeks to impress a lien upon certain property of the defendant, Miami Coal Company, and to partition certain real estate held by it; it does not in any way disturb the possession of the receiver of the defendant, Miami Coal Company, to its property; the receiver is neither an indispensable nor a proper party to said action; and the Sullivan Circuit Court, notwithstanding the action in the District Court of the United States for the Eastern District of Illinois, has jurisdiction of both the subject matter of the action and of the party defendant."

The demurrer to the plea in abatement was overruled, to which proper exception was taken, which was followed by an answer of general denial on the part of the plaintiff to said plea. The evidence was stipulated, and the result was a finding and final judgment

on the issues raised by the plea in abatement in favor of the defendant (appellee here) that the action abate. A motion for new trial was filed and overruled with proper exception reserved.

An appeal was then prayed to this court and perfected. The errors assigned and relied upon for reversal are:

1. The court erred in overruling the demurrer of the appellant to the plea in abatement of the appellee.

2. The court erred in overruling the motion for a new trial.

The specifications in the motion for new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law. If the ruling of the court upon the demurrer to the plea in abatement is correct, the stipulated facts are amply sufficient to sustain the decision of the court; and the decision is not contrary to law. The sole question for our consideration, therefore, is the ruling on the demurrer to the plea in abatement.

It is pertinent to note that in appellant's brief the following concessions are made:

"It is no doubt true that when property is in the possession of a federal receiver, his possession cannot be disturbed by process from any state court, because to disturb that possession would be to invade the jurisdiction of the court by whose command it is held, and to violate the law which that jurisdiction is appointed to administer.

"It is also true, as asserted by counsel for the appellee on the authority of *Ward* v. *Foulkrod,* 264 Fed. 627, that where two courts may each take jurisdiction of a matter, that court in which the first jurisdiction is brought, if the action be of a character that makes the court's dominion over the res essential to its judgment, or if the action be substantially the same as the latter one brought in the other court, will acquire jurisdiction of the res on the commencement of the action; and it is

also true that, under the rules of comity, the court in which an action is last begun will surrender possession of the res, when action was first begun in another court and possession of the res was essential to judgment."

It is appellant's contention that it is not sought by his suit in the Sullivan Circuit Court to disturb the possession of the United States District Court for the Eastern District of Illinois or of its receiver, and that if relief is granted to the appellant, as prayed for in the complaint, such relief would not affect the possession of the real estate involved in the slightest degree. To support this contention appellant has cited the following cases: *United States Mortgage & T. Co.* v. *Missouri, K. & T. Ry. Co.* (1921), 269 F. 497; *Continental Trust Co.* v. *Toledo, St. L. & K. C. R. Co.* (1897), 82 F. 642; *Bartley* v. *Chicago & E. I. R. Co.* (1940), 216 Ind. 512, 24 N. E. (2d) 405.

In addition to the cases cited under "Propositions and Authorities," appellant quotes from the cases of *Equitable Trust Co.* v. *Denney* (1928), 24 F. (2d) 169; *Calhoun* v. *Lanaux* (1888), 127 U. S. 634, 32 L. Ed. 297; *Frank* v. *Vollkommer* (1907), 205 U. S. 521, 51 L. Ed. 911; *Metropolitan Trust Co.* v. *Lake Cities Electric Ry. Co.* (1900), 100 F. 897; *The Holladay Case* (1886), 27 F. 830.

Careful review of the cases cited and of those quoted from by appellant sustains his admissions in his brief above noted, but none of the cases above set out hold that the relief sought in the action in the Sullivan Circuit Court would not affect the possession of the real estate in the custody and control of the United States District Court and its receiver.

Appellee's position is that the United States District Court for the Eastern District of Illinois had jurisdiction over, and under its control, the land in question

and that the suit of appellant is an attempt to actually interfere with such control and possession. To support its contention with respect to jurisdiction and control of the land in Sullivan county, appellee cites the case of *Lee* v. *Freeman* (1935), 79 F. (2d) 868, 871. In that case, Receivers of the Georgia, Florida and Alabama Railroad Company (referred to in the opinion as G. F. & A.) were appointed by the United States District Court for the Middle District of Georgia, and a copy of the bill of complaint and the order of appointment filed in the District Court for the Southern District of Florida, where certain property of the G. F. & A. was located, pursuant to the provisions of § 56 of the Judicial Code (28 U. S. C. A. 117). The Comptroller of the State of Florida attempted to sell certain properties of the G. F. & A. for taxes; and the receivers sought an injunction in the suit in which they were appointed, restraining the action proposed to be taken by the comptroller. There was an adverse decision to the contention of the comptroller and an appeal resulted. Discussing the effect of § 56 of the Judicial Code, the Circuit Court of Appeals said:

> "The property leased by G. F. & A. to the Seaboard was a subject of the suit in which the appellees were appointed receivers, and under the statute (28 USCA § 117) appellees, upon giving bond as required by the court, immediately were vested with full jurisdiction and control over all the property, the subject of the suit, lying or being within the Fifth Judicial Circuit; . . ."

Under the rule of comity, it seems to be well established that where two courts having concurrent jurisdiction of actions involving different issues, but affecting the same *res,* that court which first gains possession of the *res* will retain jurisdiction thereover, and retain it to the end. In *Farmers'*

*Loan etc. Co.* v. *Lake St. Rd. Co.* (1900), 177 U. S. 51, 61, 44 L. Ed. 667, 671, the court said:

"This rule is essential to the orderly administration of justice, and to prevent unseemly conflicts between courts ·whose jurisdiction embraces the same subjects and persons.

"Nor is this rule restricted in its application to cases where property has been actually seized under judicial process before a second suit is instituted in another court, but it often applies as well where suits are brought to enforce liens against specific property, to marshal assets, administer trusts or liquidate insolvent estates, and in suits of a similar nature where, in the progress of the litigation, the court may be compelled to assume the possession and control of the property to be affected."

To the same effect is the holding in the case of *Ward* v. *Foulkrod* (1920), 264 F. 627.

The United States District Court for the Eastern District of Illinois having constructive possession of the coal lands in Sullivan county, Indiana, it is ▇ elementary that such possession cannot be disturbed, except by the permission of said court, until the receivership of the Miami Coal Company is fully administered and the jurisdiction of the court involved fully exhausted. In the case of *Riehle* v. *Margolies* (1929), 279 U. S. 218, 224, 73 L. Ed. 669, 673, 49 S. Ct. 310, 313, the court said:

"Of course, no one can obtain any part of the assets, or. enforce a right to specific property in the possession of a receiver, except upon application to the court which appointed him."

The appellant claims no permission from the United States District Court for the Eastern District of Illinois, but insists that no disturbance of any part of the *res* in possession of the federal court is designed or will result if the relief sought by appellant in the state

court is granted. We think the unsoundness of this contention is apparent. If the Sullivan Circuit Court liquidates appellant's claim, impresses the property in Sullivan county with a lien and awards appellant partition to discharge the lien and satisfy his claim, the federal court and its receiver will be divested of that part of the *res* necessary to discharge the debt of appellant. In the case of *Lee* v. *Freeman, supra,* a writ of injunction was issued to prevent the interference with that part of the property sought to be sold by the comptroller for taxes.

In the case of *Chicago Title & Trust Co.* v. *Fox Theatres Corp.* (1934), 69 F. (2d) 60, 62, 91 A. L. R. 991, 994, the court said:

". . . if a state suit will have the effect of impairing or frustrating the jurisdiction of the federal court, it may be stayed even though pending before the receivership."

In the instant case, the plea in abatement shows that the possession of the property of the Miami Coal Company was first acquired by the United States District Court of Illinois in the receivership action; and the Sullivan Circuit Court, being so apprised, properly refused to assume jurisdiction of an action against said company, the dominant purpose of which is to divest the federal court and its receiver of the possession of a part of said property.

The appellant also insists that, if not entitled to all the relief asked in his complaint, he is at least entitled to have his claim liquidated in the state court.

This point is not covered in the "memorandum" to his demurrer to the plea in abatement. The Sullivan Circuit Court has concurrent jurisdiction with the federal court of Illinois to award a judgment *in personam.* The court having jurisdiction of the receivership action has the exclusive authority to

determine and award any preference or priority to such judgment. If it were otherwise there could be no impartial administration and distribution of the assets of the Miami Coal Company for the benefit of *all* creditors.

The main· purpose of appellant's suit in the state court is to impose and foreclose a lien on property already in the custody and under the control of the federal court in Illinois. The liquidation of his claim is not the sole object, but only preliminary and incidental to the fundamental purposes of his action. Under the circumstances, the Sullivan Circuit Court properly declined to assume jurisdiction of appellant's alleged cause of action. ˙*Hatch* v. *Morosco Holding Co.* (1927), 19 F. (2d) 766.

Finding no reversible error, the judgment of the lower court is affirmed.

NOTE.—Reported in 37 N. E. (2d) 12.