239 F.2d 289
 INLAND EMPIRE INSURANCE COMPANY; and C. E. Whisman, H. C.
Redlich and D. R. Stanford, Directors of Inland
Empire Insurance Company, Appellants,
v.
David L. FREED, Daniel G. Freed and Peter Freed, d.b.a.
Freed Finance Company, a partnership; Leo O'Connell,
Commissioner of Insurance of the State of Idaho; G. A.
Bushnell, Receiver of Trans-Pacific Insurance Company; and
Continental Bank and Trust Company, a Utah corporation,
Receiver of Inland Empire Insurance Company, Appellees.
 No. 5333.
 United States Court of Appeals Tenth Circuit.
 Nov. 15, 1956.
 
 Grant Bagley, Salt Lake City (David E. Salisbury, Salt Lake City, Utah, was with him on the brief), for appellants.
 Nathan J. Fullmer, Salt Lake City, Utah (Louis H. Callister, Salt Lake City, Utah, was with him on the brief), for appellee, Freed Finance Co.
 Grayden W. Smith, Boise, Idaho (Edward J. Aschenbrener, Nampa, Idaho, with him on the brief), for appellee, Commissioner of Insurance of State of Idaho.
 Calvin L. Rampton, Salt Lake City, Utah, for appellee, Continental Bank and Trust Co., Receiver of Inland Empire Ins. Co.
 Before HUXMAN, MURRAH and PICKETT, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 This is an appeal from an order of the District Court of Utah, appointing a receiver for Inland Empire Insurance Company, domiciled in Idaho, with its principal place of business in Salt Lake City, Utah. The receiver was appointed after a full hearing on complaint of a contract creditor, alleging due and unpaid indebtedness, insolvency and imminence of dissipation. Federal jurisdiction is based upon requisite diversity of citizenship and amount in controversy.
 
 
 2
 Prior to the filing of this complaint, an Idaho district court appointed the Insurance Commissioner of that State conservator of the Company on the Commissioner's complaint, to the effect that a detailed examination of the Company disclosed insolvency, mismanagement and dissipation of assets. The order of rehabilitation, pursuant to applicable Idaho law, directed the Insurance Commissioner to take possession of all assets of the Company, conduct all business; and restrained all other persons from transacting any business or disposing of any of the property or assets of the Company.
 
 
 3
 After the institution of this suit, however, the Idaho Insurance Commissioner, represented by the Attorney General of that State, was granted permission to intervene. In his answer, he admitted the past due indebtedness of the Company to the complainants and most of the material allegations of the complaint. It affirmatively alleged his appointment as conservator of the Company's assets in Idaho, the order of rehabilitation and application for an order of dissolution. It further specifically alleged his inability to rehabilitate the Company in Idaho courts by reason of the fact that most of the assets of the Company were outside the jurisdictional reach of the Idaho court; and that a receivership proceedings in the courts of the United States was the only competent procedure for the protection of the policyholders and creditors. Attached to the answer was the detailed report of the Chief Examiner of the Department of Insurance of the State of Idaho pursuant to an examination of the Company. In this report, the Examiner recommended action in the federal court 'so as to secure jurisdiction wherever necessary to resolve the problem presented by the widespread and complex nature of the activities involved.'One attorney appearing for the Company at the direction of its Executive Vice-President and the Idaho Insurance Commissioner, filed an answer admitting the indebtedness and the affirmative allegations of the complaint. Before conclusion of the hearing, another attorney, representing the appellants here, filed an answer on behalf of the Company, challenging the legal sufficiency of the complaint, and alleging that in each of the states in which the Company had been doing business, state law provided for the appointment of commissioners, conservators, liquidators or supervisors, duly authorized and empowered to take over the assets of insolvent insurance companies doing business in the respective states; and to administer such assets and property for the benefit of policy holders, creditors and stockholders; that the commissioner, liquidator or director of insurance in each of the states in which the defendant was doing business could and would immediately take possession of all of the assets and property of the Company in the respective states and administer same for the benefit of the interested parties; that all such proceedings would be prosecuted to completion without cost or expense to the policy holders, creditors and stockholders; and that the appointment of a receiver in the Utah federal court was therefore unnecessary and not in the best interest of the parties concerned. When the trial court inquired whether testimony was indicated on the question of authority to represent the Company, the attorney for the appellants replied that none was necessary and the answer was thereupon filed without further inquiry.
 
 
 4
 The Director of Insurance of the State of Arizona, as receiver for the Trans-Pacific Insurance Company, was permitted to intervene in opposition to the appointment of the federal court receiver. The answer alleged that Trans-Pacific was the owner of ninety percent of the common stock of Inland Empire, and reiterated the appellant's answering allegations. The Utah Insurance Commissioner appeared amicus curiae by the Assistant Attorney General of that State to urge the appointment of the federal court receiver.
 
 
 5
 Thus, at the commencement of the hearing on the motion for the appointment of a receiver, the Insurance Commissioner of the domiciliary state of Idaho, with the Company assets in his actual or constructive custody, and the Insurance Commissioner of Utah, where the principal office was located, each appeared by his attorney general to urge the federal receivership. And, they were supported by an attorney purporting to represent the Company. Another insurance commissioner-receiver for another insurance company holding most of the stock of Inland Empire, appeared to oppose the receivership. And, he was supported by another attorney, also purporting to represent Inland Empire.
 
 
 6
 In view of the Idaho state court's injunction against the officers of the Company transacting any business of the Company, it may be seriously doubted whether either of the attorneys purporting to represent the Company in the federal court was authorized to do so in the absence of leave or authority of the Idaho court. Neither sought nor obtained permission. And, having no authority to represent the Company, they would of course be without standing to perfect or prosecute this appeal. The Arizona Director of Insurance was authorized and directed by the competent Arizona court to intervene as receiver for Trans-Pacific in opposition to the federal receivership, and such intervention was allowed in the trial court. But, he has perfected no appeal from the order appointing the receiver.
 
 
 7
 The former directors, who are also appellants here, are represented by the same attorney who purported to represent the Company in opposition to the receivership. They have served notice of appeal from the order appointing the receiver and they appear here by their attorney. They filed no formal pleadings in the trial court. But their attorney did enter a formal appearance in their behalf and resisted the appointment of the receiver throughout. In view of the disability of the corporation as a legal entity, we will assume that the directors, who are also stockholders, have a litigable interest in the proceedings; that they are in court by their attorney with standing to challenge the order of the District Court on appeal.
 
 
 8
 The power of the federal court to appoint a receiver on petition of this unsecured contract-creditor, is challenged on authority of Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763. That case did withhold federal equity jurisdiction to appoint a receiver on petition of an unsecured creditor, saying that the appointment of a receiver was not an equitable right, but a remedy not available in federal court until after the establishment of the creditor's legal right in the property of the debtor. And, this is so, although the remedy is given by a state statute to a state court of concurrent jurisdiction. The jurisdictional disparity arises from the binding effect of substantive law in diversity cases on the one hand, and the inapplicability of state remedies on the other. Thus, the remedial right to proceed in a federal equity court cannot be enlarged or diminished by state statute. Pusey & Jones Co. v. Hanssen, supra, 261 U.S. at pages 497-498, 43 S.Ct. 454. If, therefore, the appointment of a receiver is merely the manner or means by which the federal court proceeds to enforce a state recognized substantive right, the remedy is not ordinarily available in the federal court. And, this rule is apparently unaffected by the conceptual impact of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. See footnote 3, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 106, 65 S.Ct. 1464, 89 L.Ed. 2079. And see Beneficial Industrial Loan Corp. v. Smith, 3 Cir., 170 F.2d 44. The Utah Procedural Rule, 66(a)(5), Utah Rules of Civil Procedure, authorizing the state courts to appoint a receiver for a corporation which has been dissolved or is insolvent or in imminent danger of insolvency, cannot therefore add to the equitable powers of a federal equity court sitting in that State.
 
 
 9
 Section 754, Title 28 U.S.C.A., provides that a receiver appointed in the federal courts involving property situated in different districts shall, upon giving the required bond, 'be vested with complete jurisdiction and control of all such property with the right to take possession thereof.' But we do not construe that act to broaden the equitable grounds for the appointment of a receiver. It goes to the jurisdiction and control of the property once the receiver has been rightfully appointed.
 
 
 10
 But, Pusey & Jones v. Hanssen, supra, and the cases which followed it, leave no doubt that the restriction or limitation thus placed upon the federal equity courts in diversity cases, is a policy restriction which goes not to the jurisdiction of the court as such, but to the propriety of the exercise of a jurisdiction conferred by the Constitution and laws of the United States. Kelleam v. Maryland Casualty Co., 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899; Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850. One of the great virtues of federal equity jurisdiction is the facility with which it may be exercised or withheld in the public interest. It is usually withheld to avoid unseemly conflicts between state and federal concurrent jurisdictions. i.e. see Commonwealth of Pennsylvania v. Williams, supra; Penn General Casualty Co. v. Commonwealth of Pennsylvania, supra. It is rarely, if ever, utilized to obstruct or interfere with the domestic policy of a state. See Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.
 
 
 11
 To that end, 'Receiverships for conservation of property 'are to be watched with jealous eyes lest their function be perverted." Kelleam v. Maryland Casualty Co., supra, 312 U.S. at page 381, 61 S.Ct. at page 598. But, in the last analysis, the governing consideration is one of restraint or abstention, not want of authority. Authoritative decisions have undoubtedly laid a heavy hand on the exercise of federal equity jurisdiction to appoint receivers in diversity cases where the relief sought is readily available in the state courts or by state processes. But we do not interpret the admonishments of restraint as an absolute bar to the exercise of equity jurisdiction where the exigencies require it, or where its exercise is clearly in the public interest and will not conflict with state processes. Sometimes 'Rules of comity or convenience must give way to constitutional rights.' Oklahoma Natural Gas Co. v. Russell, 261 U.S. 290, 43 S.Ct. 353, 354, 67 L.Ed. 659.
 
 
 12
 It is clear from the record that the Company is hopelessly insolvent and must be liquidated. When disaster came, it was doing business in twenty-one states, where its assets and liabilities are to be found. The record shows that more than one and a half million dollars is due the Company from its agents in all of the states at the home office in Utah. The states of its domicile and principal place of business have freely conceded their inability to rehabilitate or to liquidate for the best interest of the Company, its creditors, policyholders and stockholders. The trial court observed that only six states in which the Company has been authorized to transact business had adopted the uniform liquidation act for insurance companies, and that the only alternative is independent receivership proceedings in each state for the liquidation of the Company and the distribution of the assets. The court said, and we agree, that it would be wholly impractical under existing state laws to liquidate the Company by local receiverships in the various states in which the defendant Company is doing business. It was these 'very special set of circumstances indicating the necessity of a conservation and liquidation of the assets of the corporation in aid of the claim of the plaintiff' that the court deemed a receivership 'proper'.
 
 
 13
 As we have seen, federal law has made adequate provision for the acquisition and complete jurisdiction and control over the property of the Company wherever and in whatever district it may be located, with capacity to sue or be sued in any district without ancillary appointment, provided the receiver 'shall, within ten days after entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located.' 28 U.S.C.A. § 754.
 
 
 14
 The record shows that the receiver has qualified in each of the states where the property of the Company is located, and immediately thereafter has undertaken the defense or prosecution of many lawsuits involving the property or the assets of the Company. Other steps have been taken toward the conservation and adjudication of the rights and liabilities of the Company arising out of its business in all the states involved. While the appointment of the receiver may in one sense have been the end in view, the court expressly found that it was ancillary to the enforcement of the plaintiff's claim. It may well be that a number of the state insurance commissioners having authority and duty to act will assert the right to exclusively control the liquidation of the assests of the Company in their respective states. In these circumstances, it will of course be in the wise discretion of the trial court to avoid undue conflict with the state court processes. But this can be done, we think, within the framework of the federal court receivership. With these guiding principles firmly in mind, the order appointing the receiver is affirmed.
 
 
 15
 HUXMAN, Circuit Judge (dissenting).
 
 
 16
 It is the law of long standing that an unsecured contract creditor who has not reduced his claim to judgment and has not exhausted his legal remedies has no standing to go into a court of equity and ask for the appointment of a receiver when objected to by his debtor absent a statute conferring such right. It is also well settled that his inability to go into a federal court because of the absence of a federal statute is not cured by the fact that he could under state law have a receiver appointed in the state courts. It is conceded there is no federal statute conferring such right.
 
 
 17
 When under the facts outlined above an application is made to a federal court for the appointment of a receiver, it is without jurisdiction or power to appoint one over the objections of the defendant. It has no discretion in the matter. It may only dismiss the application. This is the clear mandate of Pusey & Jones Co. v. Hanssen, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763. The Court there said such a creditor '* * * has no right whatsoever in equity until he has exhausted his legal remedy.' 261 U.S. at page 497, 43 S.Ct. at page 456. This pronouncement by the Supreme Court in my opinion stands unimpeached in any subsequent decision by the Court. Nowhere has the Court held that the trial court is vested with the exercise of discretion in such a case.
 
 
 18
 The Pusey case draws a distinction between general jurisdiction based upon a diversity of citizenship, jurisdictional amount, and the subject matter of a controversy and equity jurisdiction. Thus the Court said: 'But, unlike lack of jurisdiction as a federal court, * * * lack of equity jurisdiction (if not objected to by the defendant) may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction.' 261 U.S. at page 500, 43 S.Ct. at page 457.
 
 
 19
 I can read nothing into the opinions in Commonwealth of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850, or Kelleam v. Maryland Casualty Company, 312 U.S. 377, 61 S.Ct. 595, 85 L.Ed. 899, relied upon by the majority, which has overruled or weakened this positive declaration in the Pusey case. The Pusey case was reversed on the ground there was no consent to the appointment of a receiver. In Commonwealth of Pennsylvania v. Williams, supra, there was a waiver of a right to object to the court's exercise of its equity jurisdiction and the exercise of discretion discussed in the opinion was whether under those facts the federal court should have surrendered its jurisdiction to the state court.
 
 
 20
 Penn General Casualty Co. v. Commonwealth of Pennsylvania, supra, concerned itself solely with the concurrent exercise of jurisdiction by a suit in a federal court and whether under the facts as they are set out the federal court should forego its jurisdiction. The principle involved here apparently was not in the case because nowhere is it discussed in the opinion. The same is also true of Kelleam v. Maryland Casualty Company, supra.
 
 
 21
 That brings us then to the facts of this case and the decisive fact to me is, did Mr. Bagley have authority to file the answers he did file for the Directors and the Company in which he resisted the appointment of a receiver? The required answer would seem to be in the affirmative. At the time he presented his answers in the court below, the court inquired whether oral testimony was necessary to establish his right to file the answers and, being informed it was not, the answers were permitted to be filed. His right to appeal is also recognized. Otherwise a dismissal of the appeal would be required.
 
 
 22
 We then come to this single question. May the federal district court appoint a receiver at the behest of a common contract creditor who has not exhausted his legal remedies over the objection of the defendant? I would hold that he may not and would reverse with directions to dismiss.