239 F.2d 295
 CONTINENTAL BANK AND TRUST COMPANY, a Utah corporation,
Receiver for Inland Empire Insurance Company, a
corporation, Appellant,
v.
R. F. APODACA, Superintendent of Insurance, of the State of
New Mexico, Appellee.
 No. 5368.
 United States Court of Appeals Tenth Circuit.
 Nov. 15, 1956.
 
 J. C. Ryan and Calvin L. Rampton (W. A. Keleher and A. H. McLeod were with them on the brief), for appellant.
 Jack A. Smith and Fred M. Standley (Richard H. Robinson was with them on the brief), for appellee.
 Before HUXMAN, MURRAH and PICKETT, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 This appeal grows out of the appointment of the federal court receiver for the Inland Empire Insurance Company in the District Court of Utah, sustained in Inland Empire Insurance Company v. Freed, 10 Cir., 239 F.2d 289. After the institution of the federal court proceedings in Utah, but before the appointment of the receiver, the New Mexico State court appointed the Superintendent of Insurance of that State conservator of the $40,000 deposited by Inland Empire with the State Treasurer in pursuance of New Mexico law. Upon the appointment of the federal court receiver in Utah and his qualification in New Mexico, as provided by Section 754, Title 28 U.S.C.A., the receiver commenced this suit in the federal District Court of New Mexico to require the State Superintendent of Insurance to turn over all of the assets under his control to the Federal Court receiver.
 
 
 2
 The Superintendent answered, stating (1) that the $40,000 in his custody was deposited with the State Treasurer in pursuance of Section 58-5-4, N.M.S.A.1953, in trust for the benefit of all the policy holders and creditors in the State of New Mexico, and being a trust fund, it was not an asset of Inland Empire; and (2) having been appointed conservator of the statutory deposit by order of the state court, he holds that same subject to the jurisdiction and control of that court. He then referred to the provisions of the New Mexico statute relating to the conservation of the deposit for the protection of the policy holders and creditors in the State of New Mexico, and prayed for a dismissal of the complaint.
 
 
 3
 After hearing, the trial court sustained the motion to dismiss, apparently on the alternative grounds urged by the Superintendent-conservator to the effect that the statutory deposit was not an asset subject to the jurisdiction of the federal court receiver. And, in any event, the New Mexico court having first acquired jurisdiction and control of the statutory deposit by the prior appointment of the receiver, the federal court 'could not oust the state court from jurisdiction.' The appeal is from a judgment of dismissal.
 
 
 4
 Of course if the $40,000 statutory deposit is not property or an asset of the Company, the federal court receiver is in no event entitled to possession or control of the same, and we have no need to resolve the jurisdictional conflict.
 
 
 5
 At all times material here, New Mexico law provided that no company should be licensed to transact a casualty insurance business in the state 'unless it has first made a deposit with the state treasurer of New Mexico for the benefit of all of its policies issued covering risks in this state of $25,000.00 in securities * * *.' See 58-5-4, N.M.S.A.1953, Repealed, Laws of 1955, Chap. 221, § 30. The record is not clear how the deposit happened to be in excess of the statutory requirement, but we may concede that the entire amount represented a trust fund for the sole benefit of the local policy holders and creditors, and subject to state law. It does not follow, however, that the Company was thereby divested of all interest therein and that it did not therefore represent an asset of the Company.
 
 
 6
 In his application for appointment as 'conservator of assets' of the Company, the Superintendent spoke of the statutory deposit of United States treasury bonds in the face amount of $40,000, and prayed that he be 'appointed conservator of the assets of the Inland Empire Insurance Company with power to take possession of all property and assets of the said Company within the State of New Mexico, including the $40,000 United States bonds on deposit with the State Treasurer * * *.' The order of appointment directed the Superintendent to take possession of all the property and assets wheresoever located and whatsoever kind of the Inland Empire Insurance Company. And, it was undoubtedly in pursuance of this direction that the conservator took actual possession of the statutory deposit which he now holds subject to the order of the court as an asset of the Company. The Superintendent and the New Mexico court thus treated the statutory deposit as an asset of the Company and we have no doubt about it, albeit subject to the laws of the State of New Mexico for the purposes for which it was deposited.
 
 
 7
 This brings us to the more troublesome question of jurisdictional conflict. The appellant-receiver attacks the validity of the order of the state court for lack of notice, and the trial court did observe that the order was entered without notice to anyone except the Superintendent and State Treasurer. But, the state court is in possession of the res in a proceedings within its competence, and any collateral attack on its judgment must be made in that court. Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 90, 43 S.Ct. 480, 67 L.Ed. 871.
 
 
 8
 Courts have long since resolved the conflict between state and federal courts of concurrent jurisdiction involving the same subject matter by decreeing that the first court whose jurisdiction and processes is invoked by the filing of a suit, is treated as in constructive possession of the res and authorized to proceed in the cause. Having thus acquired jurisdiction and possession, the property is thereby withdrawn from the jurisdiction of all other courts, except to the extent to which that court may determine. Lion Bonding & Surety Co. v. Karatz, supra; Harkin v. Brundage, 276 U.S. 36, 43, 48 S.Ct. 268, 72 L.Ed. 457; Gordon v. Ominsky, 294 U.S. 186, 55 S.Ct. 391, 79 L.Ed. 848; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850; Fischer v. American United Life Ins. Co., 314 U.S. 549, 62 S.Ct. 380, 86 L.Ed. 444. This principle of jurisdictional priority 'is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property.' Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285; see also Sharar v. Pollia, 10 Cir., 191 F.2d 116.
 
 
 9
 Adhering to this rule of 'necessity', see Covell v. Heyman,111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390, the federal courts have assiduously refrained from interfering with state court processes where it attaches first in point of time. Gillis v. Keystone Mutual Casualty Co., 6 Cir., 172 F.2d 826, 11 A.L.R.2d 455, Annotation, page 460. And, this is so even though the federal court may have appointed a receiver and taken actual possession of the res before the appointment of the state court receiver in the previously instituted proceedings. See cases collected Sec. 5, Annotation, supra, page 479. And, the converse is of course equally true. Sherburne v. Miami Coal Co., 109 Ind.App. 587, 37 N.E.2d 12. Thus, where the federal court acquires constructive possession of the res by the prior filing of a suit for that purpose, its jurisdiction is exclusive, and it may 'determine for itself how far it will permit any other court to interfere with such possession and jurisdiction.' Lion Bonding & Surety Co. v. Karatz, supra. See also Penn General Casualty Co. v. Commonwealth of Pennsylvania, supra.
 
 
 10
 Where, however, two suits do not have substantially the same purpose and the state and federal jurisdictions are not therefore concurrent, the rule of constructive possession on the first filing of the bill is inapplicable, and the court first acquiring actual possession and control of the property thereby acquires exclusive jurisdiction. See Harkin v. Brundage, supra; Penn General Casualty Co. v. Commonwealth of Pennsylvania, supra; Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226.
 
 
 11
 The appellee denies that the Utah federal court and the New Mexico state court have concurrent territorial jurisdiction, or concurrent jurisdiction over the subject matter-- the special statutory deposit. But the rule of priority applicable to courts of concurrent jurisdiction is in no 'sense abridged because the territorial jurisdiction of the two courts is not the same.' Ward v. Foulkrod, 3 Cir., 264 F. 627, 635. And see Sherburne v. Miami Coal Co., supra. The two suits had for their common purpose the liquidation and distribution of the assets to claimants lawfully entitled thereto. True, the New Mexico state court asserted jurisdiction only over the statutory deposit in that State, but the federal court's jurisdiction was concurrent therewith, and we think the rule has cogent application here.
 
 
 12
 The receivership proceedings in Utah was commenced by the filing of a complaint on November 9, 1955, before the commencement of the state court proceedings on November 21, 1955. Process issued against the Company and pursuant to hearing, the receiver was appointed on the following November 29, and qualified two days later. We have sustained that appointment as a valid exercise of federal equity jurisdiction. Inland Empire Ins. Co. v. Freed, supra.
 
 
 13
 Section 754, Title 28 U.S.C.A., provides that when a receiver is appointed in civil actions of this kind, he 'shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof.' He shall have capacity to sue and be sued in any district court without ancillary appointment. He 'shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.' While the record does not specifically show the timely filing of the complaint and order of appointment in the District of New Mexico, the appellant's statement to that effect in his brief is not denied, and we will assume statutory compliance.
 
 
 14
 The statute is a 1948 revision of Section 117, Title 28 U.S.C.A., 1940 Ed., Sec. 56, 36 Stat. 1102. Before the revision, the statute extended the operation of a domiciliary receivership to 'land or other property of a fixed character' in other districts of the same judicial circuits, such as interstate railroads and pipe lines. It had no application to the personal or mixed property of an insurance company. See Lion Bonding & Surety Co. v. Karatz, supra. The revised statute, however, deliberately extended the operations of the receivership to all property, real, personal or mixed, situated in different districts without regard to circuits, vesting the domiciliary court with 'complete jurisdiction and control of all such property with the right to take possession thereof.' See Revisors Note following Section 754, Title 28 U.S.C.A.
 
 
 15
 It becomes manifestly clear, therefore, that upon the filing of the suit in the federal court of Utah, that court acquired constructive possession of all of the property of Inland Empire, wherever located, including the District of New Mexico; and, upon the giving of bond and the filing of the orders of appointment in the district courts where the property was located, the Utah federal court's jurisdiction became 'complete' and paramount-- so made by virtue of the supremacy of the Constitution and laws of the United States.
 
 
 16
 But this does not mean that the federal court is bound to exercise its paramount jurisdiction to the exclusion of all others. In the related case we have seen that the authority to appoint the receiver in the first instance carried with its discretion to withhold the exercise of that authority in the interest of the proper administration of justice. Having assumed discretionary jurisdiction, a federal court of equity is undoubtedly free to adopt any method or means deemed appropriate for the most efficient and economical liquidation of the estate. While it is not bound by state procedures, it must of course recognize and give effect to substantive rights under state law. The statutory deposit was a condition to the privilege of doing business in the state for the benefit of the policy holders of the state. As such beneficiaries, policy holder-claimants doubtless have a substantive right in the deposit. And it may well be that such rights ought to be adjudicated in the state court-- the interpreter of state law. At the same time, there is no jurisdictional impediment to state court adjudication of substantive rights to property in the possession and control of the federal court. See United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840. And, the converse is also true, Fischer v. American United Life Insurance Co., supra.
 
 
 17
 Thus, the domiciliary or Utah court may in its discretion relax its jurisdiction in favor of state court processes for the adjudication of substantive rights to the res. See Annotation, 96 A.L.R. 1166. And, it may also determine that the state conservator can more efficiently and economically administer this fund, and to that extent relax its jurisdiction for harmonious cooperation between federal and state jurisdictions. It was these considerations of flexibility which led this court to affirm the appointment of the receiver in the Utah court.
 
 
 18
 But the wide discretion committed to the federal court belongs to the domiciliary court, not to the federal court of New Mexico. Its jurisdiction was property invoked by the Utah court receiver to establish the paramount right. of the receiver to the property located in New Mexico. In the view we take of the case, the trial court had no discretion to dismiss the complaint for lack of jurisdiction as such or for want of equity. The trial court was without discretion whether federal court jurisdiction would be exercised, and if so to what extent. That discretion lies with the domiciliary or Utah court.
 
 
 19
 Nor does it lie within the province of this court to say in the first instance what plan is most feasible, workable or economical. It seems not inappropriate, however, to observe that each of the states involved has provided procedural details for the rehabilitation, conservation and liquidation of domestic insurance companies or insurance companies licensed to do business in the state. And, as we indicated in Inland Empire Insurance Co. v. Freed, supra, it may be in the public interest to leave the procedural details to the conservators of the respective states, subject always of course to the paramount jurisdiction of the domiciliary federal court. As we have seen, its receiver may sue and be sued in either the state or federal courts, and it will be within the province of the Utah court to use its wise discretion to avoid unseemly conflicts within the framework of the federal court receivership.
 
 
 20
 The order of dismissal is accordingly reversed with directions to abide the further action of the Utah court in the light of the views expressed here and in the related case.
 
 
 21
 HUXMAN, Circuit Judge (dissenting).
 
 
 22
 Since I entertain the view that the receiver was improperly appointed,[1] it is my conclusion that the judgment of the lower court should be affirmed. Although the judgment was not based on this ground, it is nonetheless correct and should, therefore, stand. Because I have based my conclusion that the judgment should be affirmed on the ground that the appointment of the receiver is void does not mean that I am in disagreement with the trial court's findings that the state court first obtained jurisdiction of the fund and that the statutory deposit is a trust fund and not an asset of the Inland Empire Insurance Company. It only makes it unnecessary to consider the court's findings.
 
 
 
 [1]
 See dissenting opinion Inland Empire Insurance Company v. Freed, 10 Cir., 239 F.2d 289